SOLOMON JACKSON V. GALVESTON, HARRISBURG AND SAN ANTONIO
RAILWAY COMPANY.

Decided February 1, 1897.

**1. Negligence—Proximate Cause—Intervening Act Under Impulse of Terror**

Where a person, by defendant's negligence, is so terrorized as to impel him to do an act resulting in injury to plaintiff, his act is regarded in law as would be the movements of an inanimate object set in motion by such negligence. *(P. 375.)*

**2. Same—Fact Case.**

By the negligence of a railway company a train was brought into a situation of such apparent danger as to cause the fireman, impelled by the instinct of self preservation, to leap from the engine, thereby falling upon and injuring plaintiff, a section hand properly engaged in his duties by the side of the track, the company was liable for such result of its negligence, and a demurrer to a petition setting up such facts was improperly sustained. (Pp. 373 to 376.)

CERTIFICATE of dissent from Court of Civil Appeals, Fourth District, in an appeal from Bexar County. The pleading held sufficient is stated in the opinion.

*J. M. Watlington & J. A. Buckler,* for appellant.—The court erred in not overruling, and in sustaining, the general demurrer of defendant to plaintiff's original petition, wherein plaintiff claimed damages for personal injuries caused by the negligence of defendant, because said petition alleges a good cause of action against defendant and the damages so claimed therein constitute proper ground for an action at law. Railway v. Beatty, 73 Texas, 596; Gonzales v. Galveston, 84 Texas, 6; Railway v. Woodall, 2 Willson's App. Civ. Cases, sec. 475; Echols v. Dodd, 20 Texas, 191; 2 Thomp. on Neg., 1070, 888, 889; Hardegg v. Willards, Am. Dig. (1895), 2926, sec. 101; Wharton on Neg., sec. 160; 52 Am. and Eng. Ry. Cases, 531; 17 S. W. Rep., 946; 111 Mo., 601; 115 Mo., 283; 12 Am. and Eng. Ry. Cases, 176, and note 180; McDonald v. Snelling, 14 Allen, 290; Bigelow's Leading Cases on Torts; Coulter v. Ex. Co., 56 N. Y., 585; Lowery v. Railway, 99 N. Y., 158; Railway v. Chapman, 31 Am. and Eng. Ry. Cases, 394; Railway v. Salmon, 38 N. J. Law, 5; s. c., 39 N. J. Law, 299; 16 Am. and Eng. Encycl. Law, 438-9.

*Upson, Bergstrom & Newton,* for appellee.—The defendant Railway Company was in no manner liable for the wanton, careless or negligent act of its employe, done not within the scope of his duty. Cotton Oil Co. v. DeVond, 25 S. W. Rep., 43; Railway v. Armstrong, 23 S. W. Rep., 236; Railway v. Moody, 23 S. W. Rep., 41; Railway v. Reed, 80 Texas, 362.

If under the circumstances set out in appellant's petition the servants and agents of the defendant in charge of and operating the train, or the section men, were guilty of negligence, and such negligence placing the fireman McCormick in a position where an ordinarily prudent man might have deemed himself in danger of life or limb by remaining in such position, he jumped from the train in order to avoid injury from such apparent danger, he may be entitled to recover damages therefor, but if the effort to avoid such injury is one made for his own protection, and not in the performance of any duty that he owes to his master, and by such act he causes injury to a third person, such third person cannot recover from the employer of the person causing the injury, because such act was not done in the performance of any duty owing to the master nor in performing any duty which the master was under obligation to perform to the person injured, and because the original act of negligence was too remote and could not reasonably have been anticipated as the result of such act of negligence. Railway v. Anderson, 82 Texas, 516; Lumber Co. v. Denham, 85 Texas, 60; Jones v. George, 61 Texas, 352; Rozwadosfskie v. Railway, 1 Texas Civ. App., 487; 16 Am. and Eng. Encycl. Law, 428-433.

DENMAN, Associate Justice.—In this case in the trial court a general demurrer was sustained to the petition and judgment rendered that plaintiff take nothing. On appeal the Court of Civil Appeals held that the first count in the petition stated no cause of action, and upon this question, all the judges having agreed, the correctness of its ruling is not before us.

But a majority of said court was of opinion that the second count of the petition stated a cause of action and that the general demurrer should have been overruled, for which reason it ordered that the judgment of the trial court be set aside and the cause remanded for trial. One of the judges having dissented from such conclusion, on motion of appellee the dissent was certified to this court and we are therefore called upon to determine whether the general demurrer was properly sustained to said count, which is as follows:

"Plaintiff charges that while he was so working on the track of the defendant as aforesaid, and while he was under the control of the said Daily as the section 'Boss,' and while he and the others who were there working with him in the repair of said track, said freight train was expected to soon pass over the part of the road or track upon which they were making the repairs, and knowing it would soon pass over the same, the said Section 'Boss' Daily sent a flagman in the direction of said expected train with instructions to signal it to stop before it reached the place at which

said work was being done, and that said flagman did signal said train in time for it to stop before it reached the place where the plaintiff was standing and where the said repairs were being made upon said track, but through the negligence and gross carelessness of the engineer in charge of the engine upon said train, who refused to obey said signal to stop, or failed to see it through inattention to his duties, said signal was not heeded and said train did not stop or lessen its speed until it had reached the place where the plaintiff was standing, which place it reached at a great rate of speed, to-wit, twenty-five miles an hour, and that as it approached said place the said 'Boss' Daily, seeing it was not going to stop, himself again signaled the said train to stop, seeing all of which signals and knowing the track was being repaired at said point, the said fireman McCormick had reasonable grounds for believing, and did actually believe, that said track was not in condition for the train to pass over it and that it was out of repair and that some of the rails were out of place and off the track, and actually believed and had reasonable grounds for believing that it would be dangerous for him to remain upon the engine any longer and that the only way for him to escape the danger he regarded as imminent was to immediately jump from the train, which he did just as said train was passing where the plaintiff was standing, and in doing so jumped upon and against the plaintiff as stated in the first count of this amended petition and injured him as therein stated, from which injury he suffered the damages therein stated. That on account of the negligence of the engineer of said train in his failure to heed the said signal and to stop said train, and on account of the signalling of the same by the said section boss and the consequent frightening of the said fireman, the plaintiff was injured by the negligence of the defendant, for which he prays judgment. He charges that while he was at work at the time and place aforesaid for the defendant and under the control of the said Daily he, said Daily, knowing of the approach of said train, sent forward an employe of the defendant, a flagman, to flag said train and have it stop before it reached the place where said repairs were being made and before it reached the place where plaintiff was standing, and that said flagman did go and flag said train in ample time for it to have stopped before it reached the place where the plaintiff was injured, and the engineer and others in charge of said train did make reasonable effort to stop said train, but were not able to do so on account of there not being sufficient brakes upon it to stop it with reasonable promptness. That it was a large and long train, composed of nineteen freight cars, and was running upon a down grade, and that there were brakes upon only six of the cars, and that this was not sufficient to the proper management and control of such trains going at the rate of speed at which the said train was moving and at which it generally moved. That the reasonable and customary number of brakes for such a train is one to each car and that they generally are air brakes, and to insure a reasonable degree of safety to the employes of the defendant and others there should be upon each car an air brake, which was not upon any of the cars of this train except

six of them.    That on account of the negligence of the defendant in fail-ing to furnish and provide said train with requisite number of brakes as stated above, the said engineer and the others, brakemen and others in charge of said train, were unable to stop it or to lessen its speed until it had come up to where the plaintiff was standing, and the said fireman then reasonably apprehending danger to himself on account of his belief that said track was out of repair, so as not to be in condition for the pas-sage of said train over it, in order to escape such supposed danger, jumped from said train against the plaintiff and injured him as aforesaid and to his damage as aforesaid, for all of which the defendant is liable to him."

The previous portion of the petition had charged that plaintiff was, at the date of the accident, in the employ of defendant and as such engaged with other employes in repairing its track, and the petition also contained a proper statement of the amount of damages plaintiff had suffered and a prayer therefor.

We are of opinion, that the general demurrer to the count above quoted was improperly sustained.    The facts stated therein, which must be ac-cepted as true on demurrer, show (1) that plaintiff was rightfully on the ground near the track and that the fireman was rightfully on the rapidly approaching engine, each being then in the discharge of his duties as an employe of defendant, which was therefore charged with a knowledge of their whereabouts;    (2) that at the time the fireman leaped, the train, whether uncontrolled or uncontrollable we think immaterial, was under defendant's negligent management dashing at a great rate of speed into a place of such apparent danger that he "actually believed and had rea-sonable grounds for believing that it would be dangerous for him to re-main upon the engine any longer, and that the only way for him to escape the danger he regarded as imminent, was to immediately jump from the train;" (3) that impelled by the instinct of self-preservation he leaped from the engine, colliding with and injuring plaintiff.    In Rail-way v. Neff, 87 Texas, 309, the following language is quoted from Cook v. Parham, 24 Ala., 21:    "That the death of the slave may have been the result of fright, or want of presence of mind, occasioned by circumstances of excitement, confusion, and danger brought about by the negligent acts of the defendants should not be imputed to him as a fault, nor could we regard it in any sense as misconduct if, under like circumstances, one should mistake the best means of safety, and lose his life in the effort to preserve it."    And in the course of the opinion this court, through Jus-tice Brown, say:    "The rule is sound and just which holds the party guilty of negligence responsible for the result, if that negligence has caused another to be surrounded by such circumstances as to him appear to threaten the destruction of his life or serious injury to his person, whether that person be prudent or imprudent, if in an effort to save his life he makes a choice of means from which injury results, and notwith-standing it may turn out that if he had done differently, or had done nothing, he would have escaped injury altogether."    In Railway v. Wat-kins, 88 Texas, 26, we said:    "Where one by his own wrongful act has

so terrorized another that such other is thereby impelled to do an act resulting in his injury, the wrongdoer cannot shield himself from li  ̱ ̱ ̱ty . by showing that the person so terrorized did not act as a·reasonably prudent person would have acted· under similar circumstances." The true ground upon which the acts of a person so circumstanced are not imputed to him on the issue of contributory negligence, is that the negligent conduct of the wrongdoer has, for the time being, acquired such a controlling influence over such person that his acts are attributable thereto instead of to his own volition. His acts, under the circumstances, are in law regarded as would be the movements of an inanimate object set in motion by such negligence. If the fireman had also been injured in the collision with plaintiff there could be no doubt that defendant's negligence would have been the proximate cause under the principles above stated, and such negligence stands in the same relation to the injuries inflicted upon plaintiff.