## J. M. BRYANT v. THE INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY.

Delivered May 18, 1898.

**1. Contributory Negligence.**

That the damage with which a person was threatened owing to the negligence of another was apparent only and not real, and that he would not have been injured if he had remained passive, does not deprive it of the effect to relieve him from the charge of contributory negligence in taking an imprudent step under its influence.

**2. Same—Apparent Danger—Proximate Cause.**

An instruction that if plaintiff in an action for personal injuries sustained in a collision with a train at a highway crossing was guilty of negligence in standing up in his wagon, and such negligence contributed to his injury, to find for defendant, although it may have been guilty of negligence, is erroneous where plaintiff's act in standing up in the wagon had for its proximate cause an apparent danger with which he was threatened owing to defendant's negligence.

**3. Same—Negligence of Another Not Imputed.**

Negligence of the carrier of a vehicle can not be imputed to a person riding with him by his invitation.

APPEAL from Montgomery. Tried below before Hon. L. B. HIGHTOWER.

*S. A. McCall,* for appellant.

*G. H. Gould,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellant against the appellee to recover the sum of $5000 damages alleged to have been sustained by appellant in being thrown from a wagon and run over by the same while crossing appellee's railroad track at a public highway.

The grounds of negligence alleged by appellant are as follows:

1. That in opening up the public highway, which was blocked with defendant's trains and cars, so that appellant and his companions might with safety pass (then in waiting) the defendant company, its agents and employes, negligently left its cars standing near by on its side tracks, Nos. 3 and 4, each side of said public crossing going west, which said cars, so standing and negligently left by said defendant company, its agents and employes, entirely obstructed the view of appellant and his companions, of any movement of defendant's engines or cars on its main line, until appellant and his companions had crossed said side tracks, Nos. 3 and 4, going west.

2. That when said public crossing was thus opened, defendant's servants invited appellant and his companions to "pass over," that the way was open.

3. Seeing the crossing open, and relying on message of defendant's servants to "come ahead, way is open," appellant and his companions drove on crossing side tracks Nos. 3 and 4, going west, filled each side

with standing cars, which entirely obstructed their view, until they reached the main line, only twelve feet from side tracks, and then for the first time heard and saw defendant's train approaching from the north, backing very rapidly towards and over the crossing, without giving any signals or warning whatever of its said approach to said crossing.

4.  That to avoid the impending danger of being crushed to death, the driver of team urged his team with great rapidity from the track, and in doing this appellant was thrown violently out, and injured, without fault on his part.

The defendant answered by general denial and contributory negligence of appellant and his companions.

Upon the trial July 13, 1897, before a jury, there was a verdict and judgment for defendant.  Appellant filed his motion for new trial, which was overruled, and gave notice of and perfected his appeal, assigns errors, and brings the cause to this court.

*Opinion.*—The court at the request of the appellee's counsel gave the jury the following special charge:  Although there may have been apparent danger to plaintiff, yet, if there was in fact no danger, defendant would not be liable for plaintiff's imaginary danger."  The effect of this is to tell the jury that in a case where sudden peril to one is made apparent to him by the negligent act of another, and he acts upon appearances of danger surrounding him for the purpose of saving his life or avoiding injury, and in doing so receives an injury which would not have occurred had he not so acted, he can not recover if the apparent danger did not in fact exist.  It is calculated to induce a jury to believe that danger did not exist, but was only imaginary, if a party surrounded by its appearance had failed to act and not have been injured,—in other words, that injury is the necessary consequence of danger, and if no injury ensues, what appears to be danger exists only in the imagination. The rule announced by the Supreme Court is that, if a party is guilty of negligence he is responsible for the result, if such negligence has caused another to be surrounded by such circumstances as to him appear to threaten destruction of his life or serious injury to his person, whether that person be prudent or imprudent, if, in the effort to save his life, he makes a choice of means from which injury results, and notwithstanding it may turn out that, if he had done differently, or had done nothing, he would have escaped injury altogether.  Railway v. Neff, 87 Texas, 303, 28 S. W. Rep., 286; Jackson v. Railway, 90 Texas, 375; Railway v. Rogers, 40 S. W. Rep., 957.  In none of these cases would the party acting upon the appearance of danger have been injured had he done nothing; but the railroad having by its negligence created in his mind the appearance of danger which induced him to act, was held liable for the injury resulting from the action taken by the plaintiff to avoid the danger that appeared to him.  Yet under a charge such as was given in this case a jury might have been induced to believe such apparent danger was not real but only imaginary.

Under the peculiar facts in this case we do not believe that special charge number 4, by which the jury were told if plaintiff was guilty of negligence in standing up in the wagon, and such negligence contributed to his injury, to find for defendant notwithstanding it may have been guilty of negligence, should have been given. The negligence of the defendant in creating the appearance of danger may have caused the plaintiff to stand in the wagon. In that event, plaintiff's standing up in the wagon would not be such negligence, though it may have contributed to his injury, as would preclude him from recovering. Railway v .Neff, supra.

This special charge, asked by plaintiff and refused by the court,—"You are further charged, that if you find from the evidence in this case that plaintiff and his companions at the time and in the manner alleged were placed in a situation where they must adopt a perilous alternative in order to save their lives or protect themselves from impending danger, and you further find that neither plaintiff nor his companions were responsible for such perilous situation, and you further find that defendant's acts placed plaintiff in such situation and that such acts were negligent, then and in that event, if in order to save his life from such impending danger, plaintiff or his companions acted wildly or negligently, such negligent conduct on the part of plaintiff will not prevent his recovering, and in such case the negligence of the defendant is the proximate cause of the injury (if any such was inflicted), and plaintiff can recover, and it will be your duty to so find,"—in our opinion correctly states the law applicable to the facts in the case, and should have been given.

The negligence of the driver of the team, in a case like this, can not be imputed to plaintiff, who, as the undisputed facts show, was his guest, and the court erred in instructing the jury that plaintiff could not recover if he was injured by the negligence of the driver. Railway v. Rogers, supra; Railway v. Curlin, 36 S. W. Rep., 1003.

Such other errors as are assigned will not probabaly occur on another trial. For reason of the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*