J. SAUNDERS v. MISSOURI, KANSAS & TEXAS RAILWAY
COMPANY OF TEXAS.

Decided April 6, 1904.

**Contributory Negligence—Perilous Position—Charge.**

A charge that one injured by his team running away, alarmed through negligence of a railway, could not recover "if, after the team became fright-ened, the plaintiff could have dismounted from the wagon with safety, and if, under the circumstances, a man of ordinary prudence would have dismounted," was erroneous because ignoring the effect of imminent peril in preventing prudent conduct.

Appeal from the District Court of Bell. Tried below before Hon John M. Furman.

*Hill & Whiteley* and *John B. Durrett,* for appellant.

*T. S. Miller* and *Geo. W. Tyler,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellant brought this suit against appellee to recover damages for personal injuries. Appellant and another man were engaged in hauling baled hay, and the team they were driving became frightened, ran away and threw appellant from the wagon, thereby causing the injuries complained of.

The plaintiff in his petition charged the defendant with negligence in running an engine at a high rate of speed, and in unnecessarily blowing the whistle on the engine, thereby frightening the team and causing them to run away.

The defendant in its answer charged the plaintiff with contributory negligence in loading the wagon, in riding on top of the same, and in not getting off the wagon when the mules became frightened.

The trial in the court below resulted in favor of the defendant, and the plaintiff has appealed, assigning error upon the charge of the court. The court charged the jury in effect that if, after the team became frightened, the plaintiff could have dismounted from the wagon with safety; and if, under the circumstances, a man of ordinary prudence would have dismounted, the plaintiff was not entitled to recover.

This charge is objected to on the ground that it ignored and eliminated the question of imminent peril. The objection is well taken. The rule is that when one person is placed in a perilous position by the wrongful act of another, the person so situated is not required to exercise the same degree of care that a person of ordinary prudence would have exercised. International & G. N. Ry. Co. v. Neff, 87 Texas, 303, 28 S. W. Rep., 283; Jackson v. Galveston H. & S. A. Ry. Co., 90 Texas, 372, 38 S. W. Rep., 745; Missouri K. & T. Ry. Co. v. Rogers, 91 Texas, 52; 40 S. W. Rep., 956; Bryant v. International & G. N. Ry. Co., 19 Texas Civ. App., 88, 46 S. W. Rep., 82; Houston & T. C. Ry. Co. v. Byrd, 61 S. W. Rep., 149; Gulf C. & S. F. Ry. Co. v. Bryant, 66 S. W. Rep., 807.

There was testimony tending to show that the defendant was guilty of negligence which frightened the team, and that the plaintiff was thereby placed in a perilous situation; and the charge of the court on contributory negligence should have been so framed as not to have placed it in conflict with the rule referred to, as announced in the cases cited.

The other criticisms urged against the charge are not regarded as well taken.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*