DENISON & SHERMAN RAILWAY COMPANY v. LUM FREEMAN.

Decided January 28, 1905.

**1.—Carrier of Passengers—Degree of Care—Trolley Pole and Wires.**

The high degree of care required of a carrier of passengers, in this case an electric street-car company, extends to the matter of the arrangement of its wires overhead and the working of the trolley pole thereon, and in case of negligence in this respect, resulting in injury to a passenger, ordinary care is not the test to be applied.

**2.—Same—Intervening Act of Passenger—Fright.**

Where a trolley pole became entangled in the cross-wires overhead, and jerked down some of the posts, which fell upon the car, breaking in the roof, and a passenger, frightened thereby, in his flight from the car struck his head against the door facing and was injured, such act of flight can not be considered as voluntary and does not exempt the carrier from liability.

**3.—Same—Contributory Negligence—Action Caused by Fright.**

Where a person is suddenly put in fear of death or serious bodily injury, it is not contributory negligence for him, in seeking to escape the danger, to fail to act with ordinary care and prudence.

**4.—Same—Pleading—Negligence not Alleged.**

Where the petition charged the servants operating the car with negligence as to its management, this did not warrant a charge authorizing the jury to consider as negligence the failure of the defendant company to provide an additional employe for the purpose of watching the trolley pole and keeping it in place.

Appeal from the District Court of Grayson. Tried below before Hon. B. L. Jones.

*Head & Dillard,* for appellant.—1. A common carrier is only required to exercise ordinary care to avoid frightening passengers and thereby causing them to injure themselves, and is not required to exercise that high degree of care exacted of them in reference to the safety of the vehicle, etc., with which the contract of carriage is performed. Railway v. Beatty, 73 Texas, 593; Railway v. Miller, 79 Texas, 78.

2. The fact that plaintiff injured himself while in a state of fright caused by the defendant would not render the defendant liable for such injuries unless the acts of defendant were sufficient to frighten a person of ordinary care and prudence. Railway v. Beatty, 73 Texas, 592; Railway v. Wallen, 65 Texas, 568.

3. Plaintiff's pleading was not sufficient to authorize charge presenting the issue of negligence on the part of defendant in failing to have someone, all the time the car was running, to look after and manage the trolley. Railway v. Hennessy, 75 Texas, 155; Ware v. Shaffer & Braden, 88 Texas, 44; Sanches v. Railway, 88 Texas, 117; Wallace v. Railway, 42 S. W. Rep., 865; Railway v. French, 86 Texas, 96; Railway v. Johnson, 91 Texas, 569.

*J. Q. Adamson* and *Don A. Bliss,* for appellee.—1.   The trial court did not err in refusing to instruct the jury that the defendant was only required to exercise ordinary care to avoid frightening plaintiff, and was not required to exercise the highest degree of care, and in instructing the jury that a failure on the part of the defendant to exercise (in the operation of its cars) that high degree of care that a very cautious and prudent person would have exercised under the same circumstances would be negligence.   Railway Co. v. Halloren, 53 Texas, 53; Gulf & C. Ry. Co. v. Smith, 87 Texas, 353; Levy v. Campbell, 19 S. W. Rep., 438; San Antonio & C. Ry. Co. v. Long, 26 S. W. Rep., 116; St. Louis & C. Ry. Co. v. Campbell, 69 S. W. Rep., 451; Railway Co. v. Welch, 86 Texas, 204.

2.   If the negligence of a carrier of passengers has caused a passenger to be surrounded by such circumstances as to him appear to threaten the destruction of his life, or serious injury to his person, whether the passenger be prudent or imprudent, if, in an effort to save his life, he makes a choice of means from which injury results, and notwithstanding it may turn out that if he had acted differently, or had done nothing, he would have escaped injury altogether, the carrier is liable.   International & G. N. Ry. Co. v. Sein, 33 S. W. Rep., 560; Railway Co. v. Neff, 87 Texas, 303; Texas & Pac. Ry. Co. v. Watkins, 88 Texas, 26; Jackson v. Galveston, H. & S. A. Ry. Co., 90 Texas, 375; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 59; Galveston, H. & S. A. Ry. Co. v. Zantzinger, 92 Texas, 365.

RAINEY, CHIEF JUSTICE.—Appellee sued appellant to recover for personal injuries sustained by his becoming frightened while a passenger on appellant's car and striking his head against the facing of the door of said car.   Appellant plead the general denial and contributory negligence.   A trial resulted in a verdict and judgment for appellee.

There is evidence showing that while appellee was a passenger on appellant's car, and the car was running at a rapid rate of speed around a curve, the trolley pole became entangled in the wires strung across from post to post, and the wires which supported the trolley wires broke and dragged down some of the posts, which fell upon and broke in the roof of the car, and caused appellee to fear serious danger to his life and limbs; and in endeavoring to escape from the threatened danger he ran and was thrown against the facing of the door of said car, and was injured; and there was evidence showing that it was only the trolley pole that struck the car and caused the trouble.

The court charged the jury in relation to the degree of care which devolved upon appellant as follows: "Negligence when applied herein to the defendant's servants, means the failure to exercise that high degree of care that a very cautious and prudent person would have exercised under the same or similar circumstances."   This is objected to on the ground that it places upon appellant too high a degree of care, and that, in this character of case, the appellant should only be held to use ordinary care to avoid frightening plaintiff, and was not required to exercise the highest degree of care.

The charge of the court announced the rule laid down by the decisions of this State as to the degree of care to be exercised by carriers

for the protection of their passengers; but appellant claims there is a difference between the general rule and the one that should apply in this case, and in support of his claim cites Railway Co. v. Miller (79 Texas, 78.) In that case the plaintiff was injured while attempting to alight from a train that had stopped at the depot, but started before plaintiff had alighted. The court charged the jury that, "It is the duty of a railway company to use such means and foresight in providing for the safety of passengers as persons of the greatest care and prudence usually use in similar cases." This charge was objected to "because such a duty does not rest on passenger carriers with reference to the length of time they stop at stations for the passenger to alight, nor as to the condition of the platform." It was held that the charge of the court was correct. In discussing this charge, Stayton, C. J., quoted from Railway v. Marion (27 Am. & Eng. Ry. Cases, 132), as follows: "It is only in respect to those accidents which happen to the passenger while he trusts himself to the safety of the carrier's means of transportation, or to the skill, diligence and care of his servants, that the rule applies. . . . It does not apply where the occasion of the hurt of the passenger was an active, voluntary movement on his part, combined with some alleged deficiency in the carrier's means of transportation or accommodations; and the reason is that in such a case it is necessary to consider whether there may not have been contributory negligence on the part of the passenger." He also quoted from an elementary writer, as follows:

"The rule imposing upon the carrier of passengers the highest degree of care has this limitation—it applies only to those means and measures of safety which the passenger of necessity must trust wholly to the carrier. It is in general applicable only to the period during which the carrier is in a certain sense the bailee of the person of the passenger."

It is upon the principle of limitation announced in these quotations that appellant relies. This principle of limitation is not applicable to the facts of this case. In this case the appellee was trusting his safety to the carrier's means of transportation, and to the skill, diligence and care of its servants. There was no active, voluntary movement on his part, unless his fleeing from apparent danger caused by the negligence of appellant can be so called. If there was apparent danger, we think his so fleeing can not be considered as voluntary in his frightened condition, and the limitation of the general rule has no application and should not have been applied. The charge of the court as to the degree of care imposed upon appellant was correct, and the rule sought by appellant is not the law in this State.

The appellant groups his third, fourth, and fifth assignments of error. The third complains of the court's charge in that it authorizes a recovery if plaintiff was in danger of being killed or seriously injured, without regard to whether or not a person of ordinary care, prudence and temperament would have, under the same circumstances, so believed.

The fourth complains of refusing a special charge, in effect that if the circumstances were not such as to frighten an ordinarily prudent person, or if appellee, after he became frightened, was guilty of negligence in acting in a manner that contributed to his injury, and that

a person of ordinary prudence would not have so acted, then to find for defendant.

The fifth complains of the court in refusing a special charge, in effect that before they could find for plaintiff they must believe that defendant was negligent, and that such negligence caused plaintiff to become frightened and injure himself, and that such negligence would have caused the fright of an ordinarily prudent person and the injury.

The court in the main charge correctly defined negligence, and properly applied it to both plaintiff and defendant as to what would constitute negligence. In charging affirmatively on the plaintiff's case it told the jury that if the circumstances caused "plaintiff to believe he was in danger of being killed or seriously injured; and if you further believe from the evidence that plaintiff, while exercising ordinary care for his own safety, in endeavoring to escape from said danger, if you believe there was any, was thrown or ran against the facing of the door," and was injured, to find for plaintiff. The defendant plead contributory negligence, and the court charged in effect that if defendant was not negligent, but that plaintiff was negligent, "as this term has been heretofore defined and explained to you," and that it was the proximate cause of the injury, to find for the defendant.

In Railway v. Neff (87 Texas, 303), Justice Brown, in discussing the question of the prudence of a person in danger, says: "The rule is sound and just which holds the party guilty of negligence responsible for the result, if that negligence has caused another to be surrounded by such circumstances as to him appear to threaten the destruction of his life or serious injury to his person, whether that person be prudent or imprudent, if in an effort to save his life he makes a choice of means from which injury results, and notwithstanding it may turn out that if he had done differently, or had done nothing, he would have escaped injury altogether." See, also, Texas & P. Ry. Co. v. Watkins, 88 Texas, 26; Jackson v. Railway Co., 90 Texas, 375; Missouri, K. & P. Ry. Co. v. Rogers, 91 Texas, 59.

Under the evidence the court's charge, when taken as a whole, was as favorable as defendant was entitled to, and there was no error in refusing the requested charges, as complained of.

Complaint is made of giving the special charge requested by plaintiff, as follows: "You are instructed that if you believe from the evidence that in the exercise of the care required of defendant by the law, as set forth in the general charge, the defendant ought to have had some one all the time while its car was running to look after and manage the trolley and put the same back on the trolley wire, when the same should at any time jump the said wire, and if you further believe from the evidence that the defendant failed in this respect to exercise such care, and if you believe further from the evidence that such failure caused the injury to plaintiff, then you will find for plaintiff, unless you find against him on the issue of contributory negligence."

The objection to the charge is that neither the pleading nor evidence authorized it. The petition alleged that the employes of appellant operating said car failed to exercise ordinary care and due care in operating and manipulating said trolley and wire. The petition also

alleged that appellant had allowed the machinery of the car in which appellee was riding to get out of order, and especially the appliances which held said trolley in place; and that by reason of the said negligence and want of ordinary care of appellant and its employes, while said car was going at a very high rate of speed on a long down grade, said trolley, which was very heavy, became entangled in some way, to appellee unknown, and broke and dragged down some of the posts alongside of the track to which the wires supporting the trolley wire were attached, which posts fell upon the end of the car, breaking in the roof thereof and threatening appellee with serious danger to life and limb, and that, in endeavoring to escape this danger, appellee was injured.

Hollingsworth, appellant's conductor on the motor car, testified that it was his business to watch the trolley when he was not engaged elsewhere; that he had been doing that; that they watched the trolley because it jumps off sometimes, and it was their business to be there and catch it and pull it down; that there is no way in which it can be held on; that they just put it back on when it comes off; that the trolley pole is an iron concern and has a spring by which it is worked; that if it happens to fly off the trolley wire, unless some one jerks it down and puts it back, it is likely to strike the cross wires supporting the trolley wire and jerk the post down; that this was what happened on that occasion; that the posts are set out on each side of the track and cross wires span from post to post, from which cross wires the trolley wire is hung over the center of the track; that from the center of the track out to these posts on each side it is twelve or fifteen feet, something like that; that they were going down hill at the time; that three or four of the posts were jerked down.

This charge was not justified by the pleadings. The petition only charges the servants operating the car with negligence as to its management, while the charge authorizes a recovery for an act that is not claimed in the petition as a ground for recovery. It does limit the right of recovery to the failure of the conductor to look after and manage the trolley at the time, but under the charge the jury were authorized to consider the failure of defendant to provide some additional employe for that purpose.

Judgment is reversed and cause remanded.

*Reversed and remanded.*