## FORT WORTH & D. C. RY. CO. v. WESTRUP. (No. 7440.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 25, 1925. Rehearing Denied Jan. 6, 1926.)

1. **Master and servant** &#9758;276(8)—**Finding of negligence as to car repairer injured by attempt to avoid danger held supported by evidence.**

In action by car repairer against employer for personal injuries from attempting to avoid supposed danger, findings of jury that one who dropped spring was guilty of negligence, which was proximate cause of plaintiff's injury, that such person's call to look out was not negligence, that injury to plaintiff was not result of unavoidable accident, and that plaintiff was not guilty of contributory negligence, held supported by evidence.

2. **Master and servant** &#9758;139—**Act of another employé held proximate cause of injury to plaintiff attempting to avoid danger.**

Where employé, repairing car, dropped spring, and, knowing plaintiff was in position of danger, shouted warning, causing plaintiff to attempt to avoid danger and to be injured, negligence of employé was proximate cause of injury, and his warning was not independent intervening cause, relieving employer of liability; fall of spring and call of warning being inseparably connected, and so linked as to form one cause.

3. **Negligence** &#9758;72—**Injury in effort to escape danger caused by negligence actionable.**

If party's negligence surrounds person with such circumstances as to apparently threaten his life or cause bodily injury, and such person is injured in effort to protect himself from such apparent danger, party whose negligence caused danger is liable.

4. **Trial** &#9758;55—**Exclusion of evidence that plaintiff was strike breaker held proper.**

In action by injured car repairer against employer, exclusion of evidence that plaintiff was strike breaker was proper, regardless of possibility of showing thereby that his earning capacity was not as great as that of regular employés.

**5. Trial** ⟨☞⟩29(4) — **Calling attorney before judge, and warning of punishment for contempt, if certain questions were asked on cross-examination, held not improper.**

In action by employé against employer for personal injuries, judge's action in calling attorney for defendant into chambers, and warning him that, if he asked questions on cross-examination tending to show that plaintiff was strike breaker, he would be punished for contempt, *held* not improper.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by A. V. Westrup against the Fort Worth & Denver City Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Thompson, Barwise & Wharton, of Fort Worth, and Boyle, Ezell & Grover and J. D. Wheeler, all of San Antonio, for appellant.

Arnold & Cozby, of San Antonio, for appellee.

FLY, C. J. Appellee sued appellant to recover damages arising from personal injuries alleged to have been inflicted on appellee through the negligence of appellant. The cause was submitted to a jury through special issues, and upon the answers thereto judgment was rendered in favor of appellee in the sum of $7,200.

It is not contended that appellee was not injured as alleged, nor that the amount allowed him was excessive, and we conclude that appellee was injured in the sum found by the jury while engaged as an employé of appellant in the work assigned to him. Appellee was assisting in putting a drawbar on a refrigerator car. Two other employés were working on the job, and, when appellee began his assistance, the car had been placed on trestles at one end, and the truck and wheels rolled out. The drawbar was placed underneath the front of the car where it was to go up, and, as the drawbar was raised, blocks were inserted beneath to hold it until it reached some small trestles or benches when each end was placed on them. They were occupied in putting the spring in the drawbar, and one man had hold of the spring on the opposite side of the drawbar from the side on which appellee was working. Appellee and the other man were engaged in placing a jackscrew underneath the drawbar, and the man who had hold of the spring yelled, "Look out," in a "quick and loud" voice, and scared appellee, who, in endeavoring to protect himself from unknown danger, fell and injured himself. The spring fell, but did not strike appellee, but he was injured in an endeavor to avoid what he believed was impending danger. He had heard his near companion tell the other man to hold the spring and not drop it. Appellee testified:

"I was sitting down on my forelegs, sitting down underneath the car—the car was high enough for that—and, when this man yelled, 'Look out,' in a sharp loud voice, I didn't know what was going to fall; I didn't hear any noise except that voice. I was kinder scared, because I didn't know what happened. When he hollered, I was catching hold of the jack, and when he hollered what he did, I just pulled back. I was scared, and I jerked my knee—to get away, yes sir. I didn't hit nothing with my knee, but, when I fell, I fell on a block that hit me on the back, a small block. I fell backward and fell on a block, and we had a lot of blocks there."

[1] The alarm was given in such a manner that appellee had no time for any thought except the intuitive sense of self-preservation, and he acted on what appeared to be imminent danger to him. Appellee was in a strained position when he heard the cry, and he fell in endeavoring to shield himself from what he thought was pressing danger. The jury found that the man, an employé of appellant, who dropped the spring undertook to hold it, and that it was negligence on his part to drop the spring; that the negligence was a proximate cause of the injuries to appellee; that such employé cried out to appellee to "look out," at which time appellee was in a position of danger, actual or apparent; that it was not negligence in the employé to call out as he did; that the injury to appellee was not the result of an unavoidable accident; and that appellee was not guilty of any contributory negligence. We conclude that all of the answers of the jury were supported by the facts.

[2] The first four propositions present the issue that dropping the spring was not a proximate cause of the injury to appellee, but that the sole cause was the cry of a fellow-servant to "look out." We are of opinion that the propositions are untenable and not supported by the authorities cited by appellant. As said in the case of Mounce v. Lodwick Co. (Tex. Civ. App.) 91 S. W. 240, in which the manager had called, "Look out," and Mounce jumped and was hurt:

"We do not think the halloaing, 'Whoa! look out!' in an excited manner by the manager, Wurtbaugh, should be considered an act of negligence, as it was evidently made for the purpose of preventing injury; but it may be considered in connection with the circumstances and conditions surrounding the occurrence in determining whether Mounce was warranted in jumping from the train. In other words, it was a circumstance in determining whether there was such an appearance of danger at the time as to cause an ordinarily prudent person to jump from the car to avoid anticipated danger. It is immaterial that there was in fact no danger; but was the appearance such as to cause an ordinarily prudent man to so believe, and jump, as Mounce did?"

That language is an effectual complete answer to all four of the propositions.

[3] The negligence in this case was that

---

of the servant in dropping the spring, and the cry of the servant was not an independent, intervening cause which would relieve the appellant of liability. If the spring had not been dropped, the cry of the employé would not have been made, and appellee would not have been injured. The yell of the servant was merely incident to the negligence of appellant's employé in dropping the spring. That act was the primal, the active cause in producing the catastrophe. The necessity of the call arose from, and was created by, the negligent act of the servant in dropping the spring; the former being an incident of the latter. The cry of the employé was not the independent responsible cause of the injury, and such cry did not disconnect the negligence of the appellant from the injury. Jackson v. Railway, 14 Tex. Civ. App. 685, 37 S. W. 786. That cause went to the Supreme Court on a certificate of dissent, and the opinion of the majority of the court was sustained. Jackson v. Railway, 90 Tex. 372, 38 S. W. 745. It is a reasonable rule that holds liable a party guilty of negligence, when such negligence has surrounded a person with such circumstances as apparently to threaten his life or cause bodily injury, and the other is injured in an effort to protect himself from such apparent danger. Railway v. Neff, 87 Tex. 309, 28 S. W. 283. The fall of the spring and the call of danger were inseparably connected; the latter so linked with the former as to form one cause for the disaster. The effort to avert the danger was but the last link in the short chain of events. Railway v. Bigham, 90 Tex. 223, 38 S. W. 162; Railway v. Kellogg, 94 U. S. 469, 24 L. Ed. 256. Dropping the spring was the proximate cause of the injury to appellee.

[4, 5] The fifth proposition states that it is error for a trial court to require counsel for a party to go to the judge's office and divulge in the presence of counsel for the opposing party "whether or not defendant intends to ask plaintiff certain questions on cross-examination; the court stating to counsel for defendant that, if such questions are asked, counsel for defendant will be held in contempt of court." The sixth and seventh propositions grow out of the same subject-matter as that in the fifth proposition, all being founded on the desire of appellant to bring before the jury the fact that appellee had been employed to take the place of a striking employé; in other words, to show that appellee was what is known as a "strike breaker," a name which in certain circles and among certain persons carries with it obloquy and contempt. No legitimate use could have been made of such testimony. Counsel for appellant, in stating the pertinency of the testimony, stated that he desired to show that appellee was a "strike breaker" from a distance in order to create a circumstance tending to prove that he was a man who was "more inclined to trump up a case against a railroad than one locally in the employ of the railroad;" in other words, to prove something not bearing on the facts of the case in order to create prejudice against him. The court properly excluded any such testimony, and properly denied counsel the right to ask questions in open court which would probably have been calculated to create prejudice. The court acted judiciously and correctly whether he acted in his office or the courtroom, and there is no merit in the propositions or the voluminous bills of exception upon which they are based. The grounds presented for the admissibility of the testimony in the bills of exception are:

"Said questions are clearly admissible upon the question of the earning capacity of plaintiff, in showing that he was incapable of making a living under ordinary circumstances, and did and would take advantage of a situation where a strike existed to get employment, and that the jury would have a right to consider such testimony in determining the earning capacity."

The statement of the grounds show the inadmissibility and incompetency of the desired testimony.

The judgment is affirmed.