**FORT WORTH & D. C. RY. CO. v. WESTRUP.  (No. 669–4557.)**

(Commission of Appeals of Texas, Section B. June 16, 1926.)

**1. Trial ⬅29(4)—Court's private warning to attorney that, if he asked questions of plaintiff showing that he was a strike breaker, he would be held in contempt of court, held not improper.**

In employee's action for injuries, judge's action in privately admonishing counsel for employer that, if he asked plaintiff certain questions in presence of jury to show that he was strike breaker, he would be punished for contempt of court, held not improper.

**2. Negligence ⬅62(1).**

To break sequence of proximate causation, intervening, efficient cause must be new or independent cause.

**3. Negligence ⬅62(1).**

Intervening cause of injury, set in motion by original wrongdoer, can never excuse original act.

**4. Negligence ⬅62(1).**

Generally, wrongdoer is answerable for consequences ordinarily ensuing, though immediately and directly brought about by intervening cause set in motion by original wrongdoer.

**5. Master and servant ⬅139—Negligence of employee dropping spring held "proximate cause" of injury to coemployee attempting to avoid danger.**

Where employee, repairing car, dropped spring and, knowing coemployee would be in

position of danger, shouted warning, whereupon latter was injured in attempting to avoid danger, negligence in dropping spring *held* "proximate cause" of injury; warning being not independent, intervening cause, but mere occasion or means of discovering apparent danger.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

6. **Master and servant ⚡246(1)—Employee, under car adjusting drawbar, held in position of apparent danger, justifying effort to escape on shouted warning of coemployee..**

Employee, prone on back beneath heavy car shored up on trestles, engaged in placing heavy drawbar with necessary springs, *held* in apparent position of danger, justifying effort to escape on shouted warning of coemployee to "look out."

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by A. V. Westrup against the Fort Worth & D. C. Railway Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (278 S. W. 490), and defendant brings error. Affirmed.

Thompson, Barwise & Wharton, of Fort Worth, and J. D. Wheeler and Boyle, Ezell & Grover, all of San Antonio, for plaintiff in error.

Arnold & Cozby, of San Antonio, for defendant in error.

SPEER, J. This suit was instituted by defendant in error against plaintiff in error to recover damages for personal injuries. The plaintiff, an employee of the defendant, was engaged, along with two other employees, in making some repairs upon a refrigerator car. One end of the car had been jacked up and rested on trestles, and the truck and wheels were removed. The drawbar was placed underneath the front of the car thus jacked up, and, as the drawbar was raised, blocks were piled beneath to hold it in place until it could be more securely fastened. The men were engaged in putting the spring in the drawbar, and it was the duty of one to hold the spring on the opposite side of the drawbar from where the plaintiff was working. The plaintiff was on the ground beneath the end of the car, as he was thus assisting in the repairs. The employee, whose duty it was to hold the spring in place, let it fall; thereupon he shouted, "Look out!" and, in an effort to extricate himself, the plaintiff received the injury for which he sued. He was not struck by the falling spring, but was injured through coming in contact with some blocks or other obstacles in his efforts to escape injury. The case was submitted upon special issues, and the jury found that the action of the employee in letting the spring fall was negligence proximately causing the plaintiff's injury, and that the plaintiff was not guilty of contributory negligence in any respect, and judgment was rendered for the plaintiff in the amount of damages found by the jury. The Court of Civil Appeals affirmed the judgment. 278 S. W. 490. But two questions are presented in the application, both of which were fully discussed and decided in the Court of Civil Appeals. They are, in effect, that the negligence of plaintiff in error's employees in permitting the spring to fall was not, as matter of law, the proximate cause of defendant in error's injury, but that the cry or warning, "Look out!" given by the employee when the spring did fall, was an efficient, intervening cause, itself the sole proximate cause of the injury, and that, since the jury found the giving of this warning was not negligence, judgment should have been for the company; and, second, that the trial court had erred in admonishing counsel for the company privately that, if he asked the plaintiff certain questions in the presence of the jury tending to show that he was a "strike breaker," counsel would be held in contempt of court.

[1-5] We think these questions are rightly disposed of in the splendid opinion by Chief Justice Fly. Little can be added to the reasons given in that opinion. A consideration of two or three of the underlying principles involved will but accentuate the correctness of the conclusions reached by the Court of Civil Appeals. First, it is always required that the intervening, efficient cause which will have the effect to break the continuous sequence of an antecedent cause must be a "new" or "independent" cause. Now, the cry of the employee, "Look out!" when he discovered that the spring had fallen, cannot in any just sense be said to be a new or independent thing. The alarm thus given was a most natural sequence of the falling. Indeed, it was so inseparably connected therewith as to be a part of the act, so much so that the rules of evidence would treat the exclamation as a part of the act which it accompanied—the res gestæ. The exclamation could only have meant to make known the danger incident to the falling spring. It is not, therefore, that "new" and "independent" cause which the law requires, sufficient to break the natural and continuous sequence of the preceding act of negligence. Mexican, etc., Co. v. Musette, 7 Tex. Civ. App. 169, 24 S. W. 525; Id., 86 Tex. 708, 26 S. W. 1077, 24 L. R. A. 642; Texas & Pacific Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162; Seale v. G., C. & S. F. Ry. Co., 65 Tex. 274, 57 Am. Rep. 602. In the next place, an intervening cause which is set in motion by the original wrongdoer can never excuse the original act. The

general rule is that whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary course of events, though the consequences are immediate and directly brought about by an intervening cause set in motion by the original wrongdoer. The G. R. Booth, 171 U. S. 450, 19 S. Ct. 9, 43 L. Ed. 234; Seith v. Commonwealth, etc., Co., 241 Ill. 252, 89 N. E. 425, 24 L. R. A. (N. S.) 978, 132 Am. St. Rep. 204; 22 R. C. L. p. 134, § 19.

Further, the cry or warning in this case could not possibly have been an intervening efficient cause of the injury for this: It was the mere occasion or means of *discovery* by defendant in error of the apparent danger to which the company's negligence had subjected him. Of course, if the negligence of the employee in dropping the spring produced a real or apparent danger to defendant in error, and he was injured in an effort to escape such real or apparent danger, and was not guilty of contributory negligence in the manner of his effort to escape, clearly he would be entitled to recover his damages, and his right and duty to escape, if possible, the threatened injury, arose when he discovered the danger. What difference can it make whether that discovery arose from seeing the object fall or hearing the shout or warning which accompanied its fall? In either event, it is but the discovery of the danger which authorized him to move for his safety. No authority has been cited, and, indeed, we think none can be found, holding that the mere discovery of a jeopardy produced by negligence is itself an intervening cause of injury received in attempting to avert harm.

[6] Counsel for plaintiff in error has strenuously argued that there is no evidence to authorize the submission of the issue that defendant in error was in a place of real or apparent danger; but this is so obviously wrong as to need no comment. It is unthinkable that one prone upon his back beneath a heavy car shored up on trestles, engaged in putting in place a heavy drawbar with the necessary springs and the like, knowing they might fall upon him, was not justified in considering himself in real or apparent danger on hearing his fellow workman cry, "Look out!" The very situation, including the warning and the attempted escape by defendant in error, bespeaks the apparent danger. To heed such a warning would be prudence, while to disregard it might be negligence of the grossest kind.

We recommend that the judgments of both courts be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.