### STEGALL v. MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS.
### No. 1166—5476.

Commission of Appeals of Texas, Section A.
March 12, 1930.

Bowman & Bowman, of Greenville, for plaintiff in error.

Chas. C. Huff, of Dallas, Jones & Jones, of Mineola, and B. M. McMahan, of Greenville, for defendant in error.

SHORT, P. J.

We adopt, as being substantially correct, the following statement of the nature of this case and the result of the suit made by the plaintiff in error in his application for the writ of error.

"This was a suit instituted in the District Court of Hunt County by petitioner against defendant in error for the recovery of damages for the destruction of an automobile by fire belonging to petitioner. The car was loaned by petitioner to one Thomas, who was not familiar with the streets in the City of Greenville, where the loss occurred. Thomas drove up to the right-of-way of defendant in error and waited for a train to pass, when the train had passed, he started, intending to cross the right-of-way. The street terminated at the right-of-way and a deep ditch ran along the right-of-way. The car dropped into the ditch and lodged there. Thomas did not know the street terminated or that the ditch existed. No warning sign or barrier or light was maintained at this point by defendant in error. The end of the street and the ditch were upon the right-of-way of the defendant in error. Thomas secured a wrecker and an experienced man to remove the car, and when the car was started to assist in removing it, it caught fire and was destroyed."

"The defenses urged by defendant in error were: (1) Lack of duty to maintain barriers or signs on right-of-way. (2) The negligence of defendant in error in not maintaining barriers or warning was not the proximate cause of the destruction of the car. (3) Contributory negligence."

"The case was submitted to a jury upon a general charge, who returned a verdict in favor of petitioner for $265.00."

"The Court of Civil Appeals for the 6th Supreme Judicial District reversed the judgment of the trial court and rendered judgment that petitioner take nothing." 15 S.W. (2d) 676.

The Supreme Court granted the application for the writ of error on the following proposition: "The act of a railroad company in maintaining a street for public use in a negligent manner is the proximate cause of the loss of an automobile destroyed by fire while attempting to remove the same from a ditch therein, where the negligence of the railroad company is responsible for the automobile being in the ditch."

■ The Court of Civil Appeals, in its opinion, apparently finds, as a fact, that the defendant in error was guilty of negligence in not providing a means reasonably sufficient to warn persons traveling as the occupant of the car was traveling, at the time the car went into the ditch, of the existence of such ditch; and that such negligence was the proximate cause of any injury to the automobile, resulting directly from its going into the ditch. The Court of Civil Appeals, however, reached the conclusion, as a matter of law, that the negligence of the defendant in error, as charged against it, was not the proximate cause of the burning of the automobile, saying, in effect, that the act of the occupant of the car, and its consequences, were not such as defendant in error reasonably should have foreseen would result from its negligence, but that such act was an "intervening efficient cause" which broke the sequence of appellant's negligence and therefore was not actionable within the law applicable. The Court of Civil Appeals also held in effect that the occupant of the car was guilty of contributory negligence in attempting to get the car out of the ditch, without first looking to see if gas was escaping therefrom. While the charge of the court is a general one, the issue of contributory negligence on the part of the occupant of the car was properly and duly submitted to the jury, in consequence of which state of the record, there being evidence on this question, in support of the verdict, the Court of Civil Appeals was without authority to conclude that the occupant of the car was guilty of contributory negligence. It is true the court does not, in its opinion, say, in terms, that the occupant of the car was guilty of contributory negligence, but rather appears to excuse the defendant in error from being liable on the asserted ground that the defendant in error would not reasonably conclude that, where a car had gone into the ditch, as the one in question had, any one attempting to remove the car from the ditch, in the exercise of ordinary care, would have looked to see if gas was escaping therefrom before attempting to remove the car, as was done in this case. However, we conclude that, regardless of the ground upon which the Court of Civil Appeals based its findings, that the effect of it is to find that the occupant of the car was guilty of contributory negligence. Still, if the occupant of the car was not guilty of contributory negligence, if his act in attempting to remove the car from the ditch was an "intervening efficient cause" which broke the sequence of the negligence of the defendant in error, the owner of the car would not have any cause of action against the defendant in error, under such circumstances.

■ Under the facts found by the Court of Civil Appeals to have been established upon the trial of the case, under proper instructions, the defendant in error was guilty of negligence in the exact manner alleged in the petition, and that such negligence was the proximate cause of the injury to the automobile, as alleged in the petition, unless, as a matter of law, under the testimony, the act of the occupant of the car, in his attempt to remove the car from the ditch, was such an "intervening efficient cause" as broke the sequence of appellant's negligence.

The Court of Civil Appeals concedes that, had the car been injured because of its having fallen into the ditch, as it did, that the defendant in error would have been liable for the injury. Clearly, it was the privilege of the occupant of the car to attempt to remove it from the ditch into which it had fallen. It is equally clear that a reasonably prudent person would have anticipated that the occupant of the car would attempt to remove it from the ditch, after it had fallen into it. The testimony in this case, without dispute, establishes the fact that the occupant of the car was attempting to remove it from the ditch when the injury occurred to the car. The jury having found that the occupant of the car was not guilty of contributory negligence, it necessarily follows that he was exercising ordinary care in his attempt to remove the car from the ditch. Then where is the "intervening efficient cause" which broke the sequence of the negligence of defendant in error? The fact that the occupant of the car sought and obtained assistance in carrying out his intention to remove the car from the ditch, and that some time elapsed from the time the car fell into the ditch until the attempt was made to take it out of it, is not material. Had the occupant of the car, immediately after it fell into the ditch, sought to remove it by its own power, and in doing so, using the care of an ordinarily prudent person, the car had caught fire and was injured, as it did a few minutes later, where is the proof for concluding that an efficient intervening cause of the injury to the car, which disconnected itself from the negligence of the defendant in error? We have concluded

that there is no such proof to be found in the record. In Seale v. G., C. & S. F. Ry. Co., 65 Tex. 274, 57 Am. Rep. 602, it is said: "If the intervening cause and its probable or reasonable consequences be such as could reasonably have been anticipated by the original wrongdoer, the current of authority seems to be that the connection is not broken." So, in this case, the defendant in error must have reasonably anticipated that one would attempt to remove a car from the ditch, into which it had fallen, in the exact way that the occupant of this car is shown to have attempted to remove it, and, further, that it would be unreasonable for the defendant in error to conclude that one would allow his car to remain indefinitely in the ditch where it had fallen, but that, on the contrary, such a person would very likely, at once, attempt to take the car from the ditch. To break the sequence of proximate causation, the intervening efficient cause must be a new one or an independent one. The intervening cause of the injury in this case was set in motion by the defendant in error in being guilty of the acts of negligence found by the jury, which was the proximate cause, as found by the jury, of the injuries inflicted, and, this being true, the defendant in error cannot be excused on the ground that there was a break in the sequence of its negligence. As said in the case of Fort Worth & Denver Ry. Co. v. Westrup (Tex. Com. App.) 285 S. W. 1053, 1054: "An intervening cause which is set in motion by the original wrongdoer can never excuse the original act. The general rule is that who ever does a wrongful act is answerable for all the consequences that may ensue in the ordinary course of events, though the consequences are immediate and directly brought about by an intervening cause set in motion by the original wrongdoer."

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court affirmed.

**CURETON, C. J.**

The judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.