

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable R.T. Burns
County Attorney
Walker County
Huntsville, Texas

June 6, 1939

Dear Sir:

Opinion No. O-659
Re: Is the machine described a gambling device?

Your request for an opinion on the above stated question has been received by this office.

Your letter reads, in part, as follows:

"Article 619 of the Penal Code of Texas prohibits the exhibiting of machines for gambling purposes.

"We have a party here in Huntsville that has a machine where the player places a nickle in the machine and if he strikes a lucky hole he gets more plays and if he does not strike a lucky hole he has to contribute another nickle if he is successful."

We quote from your letter of June 3, 1939, clarifying the above paragraphs as follows:

"The sheriff informs me and also the operator of the machine informs me that if a man played a nickle' in the machine, and if he struck a lucky hole, he would get three more plays, and if he did not strike a lucky hole, he would have to contribute another nickle. I am informed by the sheriff that at times they get all the way from eight to fifty or sixty free plays, and if the person does not want to play them at that time, they give them a receipt for the plays on a slip of paper, I have been unable to ascertain whether they pay for these extra plays in money or not, but it is the consensus of opinion of the sheriff's department that they do pay off in money."

Article 619 of the penal Code reads as follows:

"If any person shall directly, or as agent or employe for another, or through any agent or agents, keep or exhibit for the purpose of gaming, any policy game, any gaming table, bank, wheel or device of any name or description whatever, or any table, bank, wheel

or device for the purpose of gaming which has no name, or any slot machine, any pigeon hole table, any jenny-lind table, or table of any kind whatsoever, regardless of the name or whether named or not, he shall be confined in the penitentiary not less than two nor more than four years regardless of whether any of the above mentioned games, tables, banks, wheels, devices or slot machines are licensed by law or not. Any such table, bank, wheel, machine or device shall be considered as used for gaming, if money or anything of value is bet thereon."

Article 620 of the Penal Code reads as follows:

"It being intended by the foregoing Article to include every species of gaming device known by the name of table or bank, of every kind whatever, this provision shall be construed to include Any and all games which in common language are said to be played, dealt, kept or exhibited."

The constituent elements of a gaming table or a bank are as follows: It is a game, it has a keeper, dealer or exhibitor; it is based on the principle of the one against the many, the keeper, dealer or exhibitor against the bettors, directly or indirectly; and must be exhibited, that is, displayed for the purpose of obtaining bettors. Starnes vs. State, 21 Tex. 692; Lyle vs. State, 30 Cr. Rep. 118; Averheart vs. State, 18 S.W. 416; Bell vs. State, 22 S.W. 687; Shower vs. State, 33 S.W. 1078.

We quote from the case of Starnes vs. State, supra, as follows:

"Any change, cover, disguise, or subterfuge in any such ingredients, or in relation to the structure upon which the game is exhibited, or the instrument by which the result is developed, for the purpose of evasion, will not change the character of the game. It is difficult to imagine any species of table or bank, or a gaming device resembling either, that is kept for gaming, that would not be included in the clauses of the code."

It matters not how the table or the bank is constructed or operated if it is kept or exhibited for gaming purposes. Whether or not the table was designed for gaming purposes is immaterial; it is the game or character of play on it that determines its status. Doyle vs. State, 19 Cr. Rep. 410; Estes vs. State, 10 Tex. 300.

In the cases of Carroll vs. State, 81 S.W. 294; Brogden vs. State, 80 S.W. 387; and Houghton vs. Flacks, 93 S.W. (2d) 781, it was held among other things that it is unnecessary to prove that money or anything of value was bet upon the game.

In the cases of Adams, et al. vs. Antonio, 88 S.W. (2d) 504; Roberts, et al. vs Gossett, et al., 88 S.W. (2d) 507; and Harrington vs. Flacks, 93 S.W. (2d) 781, and a number of other cases which we do not

deem necessary to cite here, it was held that marble machines were in the class of gaming tables and banks as prohibited by Article 619 of the Penal Code.

By virtue of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the machine described and the purpose for which it is exhibited constitutes a gambling or gaming device.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Ardell Williams
    Ardell Williams
    Assistant

AW:FG:wc


APPROVED:
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS


Approved Opinion Committee By s/HQB Chairman