The only question in this case is, whether section 29, of the act of 1853 (chapter 467), to provide for the licensing and government of pilots, and regulating pilotage in the port of New York, as amended by subsequent statutes, is still in force, or whether the same has been abrogated by the subsequent acts of Congress. That section provides that all masters of foreign vessels, and vessels from a foreign port, and all vessels sailing under a register, bound to or from the port of New York, by way of Sandy Hook, shall take a licensed pilot; or, in case of refusal to take such pilot, shall himself, owners or consignees, pay the said pilotage, as if one had been employed. Other sections of the act declare what shall be done, by and under what circumstances a licensed pilot is entitled to recover such pilotage, etc., from the master, etc. It is insisted, by the counsel for the appellant, that this was repealed by the act of Congress, passed in 1866, regulating pilotage. (14 U.S. Stat. at Large, 228.) The power to regulate commerce between the States and foreign nations, authorizes Congress to legislate upon that subject, as well in ports and harbors as upon the high seas. In the exercise of this power, State laws upon the same subject may be abrogated. (The People v. Brooks, 4 Denio, 469; Smith v.Turner, 7 How. [U.S.], 395.) But when Congress legislates, it does not repeal, but suspends the State law. (Sturgis v.Spofford, 45 N.Y., 446.) When the act of Congress that produces this result is repealed, or so modified as to permit the operation of the State law, it, without further action by the legislature, becomes again valid, and in force. (Case last cited.) Congress may make its laws exclusive, *Page 134 
and thus exclude all State laws, or it may legislate as to some particular matter, leaving others to be controlled by State legislation. This it did in respect to the right to recover the pilotage in question under the State law, by the act passed February 25th, 1867, amending that of 1866, providing, in substance, that nothing contained in the latter act should be construed to annul or affect any regulation established by the existing law of any State, requiring vessels leaving or entering a port in such State to take a pilot duly licensed or authorized by the law of such State, etc. There can be no question as to the intention of this amendment. It was that, if the act of 1866, by its construction, suspended the State statutes in respect to the liability to pay pilotage to those licensed under the laws of the State, it should not thereafter be so construed, but should be so as to leave such State laws in full operation. It may well be that, between the passage by Congress of the act of 1866, and that amending the same in 1867, the operation of the State laws were suspended, but this was no longer so after the passage of the latter. (Sturgis v. Spofford, supra; The Board of Com. ofPilots v. The Pacific Mail Steamship Co., 52 N.Y., 609;Murray v. Clark, in this court, not reported.)
The judgment appealed from must be affirmed, with costs.
All concur.
Judgment affirmed.