### SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY V. RICHARD STEVENS.

Decided November 2, 1904.

**1.—Charge—Assumed Risk.**

A charge announcing a correct principle of the law of risks assumed by a servant held applicable where assumed risk was pleaded as a defense to an action for personal injuries and the question whether the evidence was sufficient to support the defense was one of the principal issues in the case.

**2.—Railways—Fellow Servants—Hand Car.**

The operation of a hand car is within the purview of article 4560f, Sayles' Civil Statutes, which makes railways liable for damages sustained by an employe while engaged in the operation of its cars, locomotives or trains by reason of the negligence of any other employe, regardless of whether or not they are fellow servants.

**3.—Personal Injuries—Negligence of Vice-Principal—Recovery by Employe—Proximate Cause.**

Plaintiff, a member of a bridge gang, who in obedience to the orders of the foreman was operating a hand car in ignorance of the fact that a regular train was then due, did not assume the risks incident thereto, and where the proximate cause of his injury was the negligence of the foreman in running the hand car on the time of a passenger train, he can recover for injuries received by slipping and falling while helping to move the hand car off the track in time for the train to pass, provided he was not himself guilty of contributory negligence.

**4.—Proximate Cause.**

The proximate cause of an event is that which, in a natural and continuous sequence unbroken by any new independent cause, produces that event and without which the event would not have occurred.

**5.—Master and Servant—Orders of Master—Duty of Servant—Question for Jury.**

Where the master was guilty of negligence in giving an order, it is a question for the jury whether a servant was guilty of contributory negligence, or assumed the risks incident thereto, in obeying it.

**6.—Negligence Producing Danger to Another—Prudence in Avoiding.**

Where plaintiff's position of danger, which required him to act with the utmost haste in order to save his life or avoid serious bodily injury, was brought about by the culpable negligence of defendant, he can recover regardless of whether he acted wisely or imprudently.

Appeal from the District Court of Bexar.  Tried below before Hon. J. L. Camp.

*Houston Bros.* and *R. J. Boyle,* for appellant.—The trial court erred in that portion of the first paragraph of its charge to the jury which defines assumed risk as follows:  "The servant assumes the risks ordinarily incident to his employment, but he does not assume the risks arising from the failure of the master to do his duty, unless he knows of the failure, if any, and the attendant risks or in the ordinary discharge of his own duty must necessarily have acquired the knowledge." It is error for the court to give a charge containing abstractly a correct principle of law, which is inapplicable to any phase of the evidence; and if such charge is calculated to mislead the jury, it is reversible

error.  S. A. & A. P. Ry. Co. v. Weigers, 54 S. W. Rep., 910; T. B. & H. Ry. Co. v. Warner, 88 Texas, 642; Emerson v. Mills, 83 Texas, 388; G., C. & S. F. Ry. Co. v. Greenlee, 62 Texas, 349. ·

2.    The trial court erred in refusing to grant a new trial herein because the verdict of the jury is contrary to and unsupported by the evidence in this: That the evidence in this case shows that the plaintiff's injuries resulted wholly from a risk assumed by him as ordinarily incident to his employment and not from any negligence on the part of the defendant.  I. & G. N. Ry. Co. v. Hester, 64 Texas, 401; I. & G. N. Ry. Co. v. Hester, 72 Texas, 42; I. & G. N. Ry. Co. v. Arias, 30 S. W. Rep., 446; I. & G. N. Ry. Co. v. Tarver, 72 Texas, 308; T. & N. O. Ry. Co. v. Dillard, 70 Texas, 63; Eddy v. Rogers, 27 S. W. Rep., 297; Rogers v. Galveston City Ry. Co., 76 Texas, 502; Olson v. St. Paul, M. & M. Ry. Co., 35 N. W. Rep., 868; Jones v. G., H. & S. A. Ry. Co., 31 S. W. Rep., 77; St. L. A. & T. Ry. Co. v. Lemon, 83 Texas, 146; G., C. & S. F. Ry. Co. v. Brentford, 79 Texas, 619; G., H. & S. A. Ry. Co. v. Drew, 59 Texas, 12.

3.    The evidence in this case shows that plaintiff's injuries resulted from his own negligence and contributory negligence in failing to look where he was stepping while lifting the handcar off the track and carelessly and negligently stepping upon the plank which caused him to fall and sustain his injury.  I. & G. N. Ry. Co. v. Arias, 30 S. W. Rep., 446; Brunnell v. Southern Pacific Co., 56 Pac. Rep., 130; Jones v. G. H. & S. A. Ry. Co., 30 S. W. Rep., 707.

*Price & Green* and *John Sehorn,* for appellee.

NEILL, Associate Justice.—This suit was brought by appellee against appellant to recover damages for alleged injuries inflicted by the negligence of the latter.  The grounds of negligence alleged are that while plaintiff, as a member of the appellant's bridge gang, was being transported on a hand car over its road under the direction and control of Don Gaberisch, the "scratch-boss," or foreman of the bridge gang, Gaberisch negligently permitted the hand car to run upon the railroad track in close proximity to a passenger train running in the same direction; was negligent in ordering and commanding plaintiff to assist in lifting the hand car off the track in front of said approaching train, and that by reason of said negligence, just as the hand car was taken off the track, plaintiff lost his footing, slipped and fell, and thereby sustained serious and permanent personal injuries.

The appellant answered by general denial, pleas of assumed risk and contributory negligence.

The case was tried before a jury and the trial resulted in a verdict in favor of the appellee for $3000.

*Conclusions of Fact.*—The evidence is reasonably sufficient to show the following facts: That on the 20th day of August, 1900, plaintiff was in the employ of defendant as a bridgeman at work with a bridge gang of which Don Gaberisch was foreman, on defendant's railroad, between the cities of San Antonio and Floresville; that the members of the gang

were transported over the railroad to and from their places of work on a hand càr, the operation of which was managed and controlled under the supervision and direction of their foreman; that on the morning of the day stated, at the time when one of defendant's passenger trains running from San Antonio to Floresville according to its schedule time, was about due at the place where said bridge gang was at work, Gaberisch, knowing the train if on time was about due, and his attention having been directed to the fact that it was approaching, by one of the bridgemen pointing him to the smoke of its engine—at which time and place the plaintiff was not present—directed the members of the gang who were with him to run the hand car down the road towards Floresville and pick up plaintiff, who had been sent forward to put out flags, and then continue to run on towards the last named city; that after the car was run forward and picked up the plaintiff, as ordered by the foreman, it had proceeded but a short distance when the passenger train was seen by the men on the hand car rounding a curve about 150 yards off, approaching them at a speed of about twenty-five or thirty miles an hour; that a rule of the railway company made it the duty of the foreman of the gang to have the hand car off the track at least five or ten minutes before the time of a train; that plaintiff, until the train came in sight, was ignorant of its close proximity and of the fact that the hand car was being run on its time. Gaberisch, when the train came in view ordered the men, including plaintiff, to stop the car and take it off the track so that the train might pass without a collision; that in obedience to this order the hand car was removed by the gang from the track as quickly as possible, and just in time to avoid being struck by the train; that just as the hand car was taken from the track beyond the end of the cross ties, the plaintiff, in his haste to avoid being injured by the approaching train, stepped on a piece of timber which had been thrown on the dump from a hand car, slipped and fell and thereby sustained serious and permanent physical injuries.

From these facts we conclude (1) that the defendant was guilty of negligence which proximately caused plaintiff's injuries; (2) that such injuries did not ensue from a risk assumed by him such as ordinarily was incident to his employment; (3) that plaintiff was guilty of no act of negligence proximately contributing to his injuries; and (4) that by reason of defendant's negligence he was damaged in the sum of $3000 as found by the jury.

*Conclusions of Law.*—1. The first assignment of error complains that the court instructed the jury in the first paragraph of its charge, that "the servant assumes the risk ordinarily incident to his employment, but he does not assume the risks arising from the failure of the master to do his duty, unless he knows of the failure, if any, and the attendant risks, or in the ordinary discharge of his own duty must necessarily have acquired the knowledge." The proposition under this assignment is that "it is error for the court to give a charge containing abstractly a correct principle of law, which is inapplicable to any phase of the evidence; and if such charge is calculated to mislead the jury, it is reversible error."

It will be observed from our statement of the case that "assumed risk" was specifically plead as a defense to plaintiff's action. As to whether the evidence was sufficient to make out this defense, was one of the principal questions in the case. Therefore, the part of the charge complained of can not be considered as a mere abstraction "inapplicable to any phase of the evidence." But on the contrary, its applicability is apparent and, in connection with that part of the charge just preceding it, it was proper, if not necessary, for the court to give it in explanation of the phrase "assumed risk."

2. The paragraph of the charge on the measure of damages, which is the subject of the second assignment of error, is substantially the same as the one complained of in Galveston H. & S. A. Ry. Co. v. Lynch, 22 Texas Civ. App., 336, 55 S. W. Rep., 391, which was held to correctly state the measure of damages and not obnoxious to objections such as are urged by appellant in this case to that part of the charge under consideration.

3. By the third assignment of error it is contended that the evidence in this case shows that plaintiff's injuries resulted wholly from a risk assumed by him as ordinarily incident to his employment and not from any negligence on the part of the defendant, and that therefore the court erred in refusing to grant a new trial upon that ground.

While our conclusion of fact upon the question raised by this assignment disposes of it, we will say that in arriving at the conclusion, we had in view the well settled principle that ordinarily sectionmen, bridgemen, trackmen or other employes operating a hand car on a railroad track assumed the risk incident to the running of trains (International & G. N. Ry. Co. v. Hester, 64 Texas, 401, 72 Texas, 42; International & G. N. Ry. Co. v. Arias, 10 Texas Civ. App., 190, 30 S. W. Rep., 446; 3 Elliott on Railroads, sec. 1298, and authority cited), and we think gave it due weight and consideration.

It will be observed that all the Texas cases cited were decided when the doctrine of fellow servant obtained, and was rigidly applied in this state; and that the same principle enters as a factor into the decisions of all the cases cited by Judge Elliott in support of the text embraced in the paragraph referred to. Then, a section boss who ordered, controlled and directed the members of his section gang in doing their work, as well as in going to and from the scene of their labor, was their fellow servant; and his act of negligence, though it proximately caused the injury of a member of the gang, was imputed to the injured party and was a bar to his recovery. The same effect was given the negligent act of any fellow servant. But now that doctrine does not prevail. "Every corporation . . . shall be liable for all damages sustained by any servant or employe thereof engaged in the work of operating the cars, locomotives or trains of such . . . corporation, by reason of the negligence of any other servant of . . . such corporation, and the fact that such servants or employes were fellow servants with each other shall not impair or destroy such liability." Art. 456 of Sayles' Civ. Stats. The operation of a hand car, and a push car is within the purview of this article. Perez v. Railway Co., 28 Texas Civ. App., 255, 67 S. W. Rep., 137; Texas & P. Ry. Co. v. Webb, 31

Texas Civ. App., 498, 72 S. W. Rep., 1044; Seevy v. Gulf C. & S. F. Ry. Co., 77 S. W. Rep., 951. Therefore, the plaintiff can not be held to have assumed the risk of injury from the negligence of Gaberisch, even if it should be held that they were fellow servants (Texas & P. Ry. Co. v. Behymer, 189 U. S., 468, book 47, L. ed. 905; Missouri, K. & T. Ry. Co. v. Keveney, 80 S. W. Rep., 387) ; and a fortiori it can not be so held, when the evidence shows that Gaberisch was his foreman and plaintiff was acting under his orders and directions. Sayles' Civ. Stats., art. 4560h. It can not be questioned that to run a hand car, freighted with human life, on the time of a passenger train, over the same track, is negligence of the most culpable character.

The negligence of Gaberisch was the negligence of the master, the risk of which is never assumed by the servant, unless he has or is charged with knowledge of it and its attendant danger.

We have seen that the facts show that plaintiff was ignorant of the fact that the hand car was being run on the time of the passenger train, and did not know of its proximity until it rounded the curve and came in sight. If, then, the negligence of running the hand car on the time of the passenger train was the efficient cause of plaintiff's injury, *unless it was contributed to by his negligence, the judgment should be affirmed*.

The proximate cause of an event is that which, in a natural and continuous sequence, unbroken by any new independent cause, produces that event, and without which the event would not have occurred. Shearm. & Redf. on Neg., 5th ed., sec. 26; Wehner v. Lagerfelt, 27 Texas Civ. App., 520, 66 S. W. Rep., 221. When this test is applied to the facts in this case we think they were sufficient to warrant the jury in finding that the negligence of running the hand car on the time of and in close proximity to the passenger train was the proximate cause of plaintiff's injury.

4. The next question presented by the assignment of error is, was the plaintiff guilty of contributory negligence? We have answered it, by our conclusion of fact, in the negative. We will give the reason which impelled such answer.

The urgency which necessitated *the immediate removal* of the hand car was brought about by and linked with defendant's negligence in having it on the track on the time of and in close proximity to the approaching train. The order of Gaberisch to plaintiff and his fellows was one of the natural and consequent sequences of such negligence, *notwithstanding which it was their duty to obey*, without the danger in obeying it was so glaring that no prudent man would have undertaken it; for unless the danger of obeying the order was so glaring that no prudent man would have undertaken it, the law would not declare the servant's act of obedience negligence per se, but will leave it to the jury to say whether he ought to have obeyed it or not. Galveston, H. & S. A. Ry. Co. v. Puente, 30 Texas Civ. App., 246, 70 S. W. Rep., 363 and authorities cited. See, also, Henrietta Coal Co. v. Campbell, 71 N. E. Rep., 867; Chicago & R. I. Ry. Co. v. Heerey, 68 N. E. Rep., 74, 89 Am. St. Rep., 325. It will be here observed that the authorities cited also sustain the proposition that

obedience to an order, under such circumstances, is not a risk assumed by the servant. If, then, as the jury could have found from evidence, Gaberisch was guilty of negligence in giving the order, it does not follow that plaintiff was guilty of contributory negligence or assumed the risk of obeying it. They were matters for the jury to determine, and they having found, upon sufficient evidence, in favor of plaintiff on each of these issues, it is not the province of this court to disturb their verdict.

But it is further contended by appellant that plaintiff was guilty of contributory negligence in failing to look where he stepped and in stepping on the piece of timber which caused him to slip and fall. It is seen from the evidence that plaintiff's position of danger, which required him to act with the utmost haste in order to save his life or avoid serious bodily injury, was brought about by the culpable negligence of defendant. Under such circumstances the defendant is liable for the consequences of its negligence, without regard to whether plaintiff acted wisely and cautiously, or otherwise. International & G. N. Ry. Co. v. Neff, 87 Texas, 309.

In the case just cited it is said: "The rule is sound and just which holds the party guilty of negligence responsible for the result, if that negligence has caused another to be surrounded by such circumstances as to him appear to threaten the destruction of his life or serious injury to his person, whether that person be prudent or imprudent, if in his effort to save his life he makes a choice of means from which injury results, and notwithstanding it may turn out that if he had acted differently, or had done nothing, he would have escaped altogether." For a stronger reason, should the guilty party be held liable when his negligence has placed a person in a position of danger from which he has only one chance to escape, and he takes that chance and is injured.

For these reasons we conclude the plaintiff was not guilty of contributory negligence.

This disposes of all questions raised by the assignments of error, and requires an affirmance of the judgment.

*Affirmed.*

Chief Justice James, being disqualified, did not sit in this case.
Writ of error refused.