INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. JOHN L. WRAY.

Decided June 6, 1906.

**1.—Negligence, When Question of Law.**

Negligence becomes a question of law only when the act causing injury to another is in violation of statute, or when the undisputed evidence admits only of the inference that the commission of the act in question was negligence.

**2.—Same.**

Where an act is done by one in obedience to an order of his foreman the law will not declare the act of obedience negligence per se unless the danger of obeying the order was so obvious and glaring from the servant's standpoint at the time he undertook to obey it that no prudent man would have undertaken to obey it.

**3.—Intervening Negligence of Servant.**

When a servant is ordered by his vice-principal to take an engine from a siding onto the main track at a time when a train was due to pass said point, it is a question of fact for the jury whether or not the servant was guilty of negligence in failing to keep a lookout for the passing train, and whether or not such failure was the proximate cause of the injury.

**4.—Testimony Contradicted by Physical Facts.**

Where the positive testimony of witnesses on a question of negligence is contradicted by physical facts, an issue is thus raised which should be submitted to the jury.

**5.—Contributory Negligence—Pleading—Charge.**

When defendant pleads only certain acts of the plaintiff as constituting contributory negligence the charge of the court should be confined to the specific acts of negligence pleaded, and should not be so general as to include the submission of any other acts of negligence.

**6.—Damages—Charge Approved.**

See charge held to permit plaintiff to recover only fair compensation for the injuries received, and not subject to the objection that it permits plaintiff to recover double damages.

Appeal from the District Court of Anderson County.   Tried below before Hon. B. H. Gardner.

*N. A. Stedman, Jno. M. King* and *N. B. Morris,* for appellant.—The court erred in refusing to give to the jury defendant's special charge No. 1, as follows:

"In this case the undisputed evidence shows that plaintiff ran his en-

gine onto the main line of the Fort Worth Division immediately in front of an approaching train in full view of him, and which he could have seen in time to have avoided the accident. You are therefore instructed that he was guilty of contributory negligence as a matter of law and can not recover. You will ,therefore return a verdict for the defendant." Because the undisputed evidence of plaintiff and his witnesses shows that he ran his engine out in front of an approaching train in full view of him, which he could have seen by looking, and admitted that he did not look and that it was his duty to look and therefore the court should have given the above special charge. Gulf, C. & S. F. Ry. v. Miller, 70 S. W. Rep., 25; St. Louis S. W. Ry. v. Branom, 73 S. W. Rep., 1064; International & G. N. Ry. v. DeOllos, 76 S. W. Rep., 224; Galveston, H. & S. A. Ry. Co. v. Brown, 95 Texas, 21; International & G. N. Ry. Co. v. Edwards, 15 Texas Ct. Rep., 681; Galveston, H. & S. A. Ry. v. Bracken, 59 Texas, 73; Gulf, C. & S. F. Ry. v. Hamilton, 17 Texas Civ. App., 82; Gulf, C. & S. F. Ry. v. Moss, 4 Texas Civ. App., 318; Sabine & E. T. Ry. v. Dean, 76 Texas, 73.

The undisputed evidence in this case shows that the order of Tabor, the foreman, to appellee to run his engine from the roundhouse, where it then was, and onto the main line of appellant's railroad was not the proximate cause of appellee's injuries, but that appellee's injuries were caused by a new intervening cause, i. e., appellee's own negligence in running his engine on the main line immediately in front of said train No. 7, without exercising ordinary care to discover the approach of said train No. 7, or the negligence of said switchman in misleading and misinforming appellee as to the time when said train No. 7 would reach Spring; or the negligence of said switchman in ordering or signalling appellee to run his said engine out upon said track at a time when he knew or by the exercise of ordinary care might have known that said passenger train was about to arrive at Spring, or the negligence of the servants of the defendant operating and running said passenger train No. 7 in coming into Spring at too great a rate of speed; or the negligence of said servants in operating said train No. 7 in failing to keep watch out for and preventing colliding with plaintiff's engine. It was error for the court to charge the jury as complained of in the above assignment. Texas & P. Ry. Co. v. Bigham, 90 Texas, 223; Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 275; Denison & S. Ry. Co. v. Carter, 82 S. W. Rep., 782 (Supt. C. T.).

The court erred in refusing to give to the jury defendant's special charge No. 4, as follows:

"If the plaintiff was guilty of negligence in failing to exercise ordinary care to discover the approaching train with which he collided, and if his failure contributed to his injury, then he can not recover and it will be your duty to return a verdict for the defendant, although you may believe that all the other witnesses were also guilty of negligence concurring with him to produce the injury." Because said charge presents a material issue in the case which is not presented in the general charge. Texas Trunk Railway Company v. Ayres, 83 Texas, 269; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 639; St. Louis S. W. Ry. Co. v. Rea, 87 S. W. Rep., 324; St. Louis S. W. Ry. Co. v. Hall, 85 S. W. Rep., 786; Missouri, K. & T. Ry. Co. v. Criswell, 88 S. W. Rep., 373;

Missouri, K. & T. Ry. Co. v. Jackson, 88 S. W. Rep., 406; Houston & T. C. Ry. Co. v. Patterson, 48 S. W. Rep., 749.

*T. M. Campbell, S. A. McMeans* and *A. M. Barton,* for appellee.— Negligence is, generally, a question of fact and becomes a question of law only when the act done is in violation of law, or when the undisputed facts admit of but one inference regarding the care of the party doing the act in question; in other words, to justify the court in instructing a verdict as requested by appellant in its special charge No. 1, the evidence must have been of such character that it left no room for ordinary minds to differ as to the question of plaintiff's negligence. Lee v. International & G. N. Ry. Co., 89 Texas, 588; Merchants, etc., Oil Co. v. Burns, 74 S. W. Rep., 759; Texas & Pac. Ry. Co. v. Best, 66 Texas, 118; Choate v. San Antonio & A. P. Ry. Co., 90 Texas, 88.

When a foreman gives an order, within the scope of his authority, if not manifestly unreasonable, those under him are bound to obey at the peril of losing their situation; and such commands are, in contemplation of law, the commands of the master and he is held responsible for the consequences. If the danger of obeying the order is not so glaring that no prudent man would have undertaken it, the law will not declare the servant's act of obedience negligence *per se,* but will leave it to the jury to say whether he ought to have obeyed or not. See foregoing statement. Galveston, H. & S. A. Ry. Co. v. Puente, 70 S. W. Rep., 363; San Antonio & A. P. Ry. Co. v. Stevens, 83 S. W. Rep., 235; Gulf, C. & S. F. Ry. Co. v. Duval, 35 S. W. Rep., 701; Galveston, H. & S. A. Ry. Co. v. Sanchez, 65 S. W. Rep., 893; International & G. N. Ry. Co. v. Smith, 30 S. W. Rep., 501; Chattanooga Elec. Ry. Co. v. Lawson (Tenn.), 47 S. W. Rep., 489.

If, under the rules and regulations of the railroad company, it was the duty of Wray, in bringing the switch engine onto the main line, to keep a lookout for approaching trains, and if Wray failed to obey such rules on the occasion in question, such failure was not negligence *per se,* but it was a question for the jury to determine whether, under all the facts and circumstances in evidence, such disobedience was negligence. Galveston, H. & S. A. Ry. Co. v. Adams, 94 Texas, 100; Texas & N. O. Ry. Co. v. Mortensen, 66 S. W. Rep., 99; Missouri, K. & T. Ry. Co. v. Pawkett, 68 S. W. Rep., 323; Missouri, K. & T. Ry. Co. v. Follin, 68 S. W. Rep., 810; Gulf, C. & S. F. Ry. Co. v. Cornell, 69 S. W. Rep., 980.

An act of negligence is the proximate cause of an injury when without such act of negligence the injury would not have occurred. International & G. N. Ry. Co. v. Ormond, 64 Texas, 489.

What is the proximate cause of an injury is ordinarily a question for the jury, and is not a question of law, science or legal knowledge. "The common knowledge and experience of jurors and their acquaintance with the affairs of life, and the motives of men acting under different conditions are specially called into request in determining such questions." Eames v. Texas & N. O. Ry. Co., 63 Texas, 666; Jones v. George, 61 Texas, 346; Mexican Nat. Ry. Co. v. Mussette, 86 Texas, 719; International & G. N. Ry. Co. v. Eckford, 71 Texas, 279.

Tabor having been guilty of negligence in ordering Wray to move his engine out on the main line at the time he did (and this proposition

does not seem to have been denied or controverted by appellant), then his negligence was the negligence of the railroad company. One guilty of negligence is deemed, in law, to have foreseen, and is liable for, all consequences which may naturally ensue without the intervention of some other independent agency, although in advance the actual result might have seemed improbable. Bunting v. Hogsett (Pa.), 23 Am. St. Rep.. 192; Quigley v. Delaware, etc., Co. (Pa.), 24 Am. St. Rep., 504.

Tabor having been guilty of negligence in giving the order to Wray, as found by the verdict of the jury, and his negligence being the negligence of the master, and Wray not being guilty of contributory negligence in obeying, the fact that the negligent order set in motion a train of other negligent acts on the part of other servants of defendant. all of which became the negligent acts of the same common master, did not break the causal connection between Tabor's negligence and Wray's injury, although such acts on the part of said other servants might have concurred in producing the injury. Gonzales v. Galveston, 84 Texas, 6; Jackson v. Galveston, H. & S. A. Ry. Co., 37 S. W. Rep.. 786.

The order given by Tabor being within the scope of his authority, and not manifestly unreasonable, Wray was bound to obey, at the peril of losing his situation; and said order being, in contemplation of law, the command of the master, and the jury having found that the giving of same was negligence that proximately caused Wray's injury, the master must be held responsible for the consequences. Galveston, H. & S. A. Ry. Co. v. Puente, 70 S. W. Rep., 363; Gulf, C. & S. F. Ry. Co. v. Duval, 35 S. W. Rep., 701; San Antonio & A. P. Ry. Co. v. Stevens, 83 S. W. Rep., 235.

If there is evidence sufficient to warrant a reasonable belief of the existence of the fact which is sought to be inferred, the court is bound to submit the issue to the jury. That the evidence is conflicting, or that it apparently preponderates in favor of the one or the other, or that it is circumstantial and offered in contradiction to direct evidence, does not alter the rule. Washington v. Missouri, K. & T. Ry. Co., 90 Texas, 314; Shifflet v. St. Louis S. W. Ry. Co., 44 S. W. Rep., 919; Texas & Pac. Ry. Co. v. Robertson, 82 Texas, 661; Gulf, C. & S. F. Ry. Co. v. Kizziah, 22 S. W. Rep., 110, 26 S. W. Rep., 242.

NEILL, Associate Justice.—This is an appeal from a judgment of $10,000 recovered by appellee for personal injuries alleged to have been sustained by reason of appellant's negligence.

*Conclusions of Fact.*—The evidence is sufficient to sustain the following conclusions of fact: (1) On October the 3d, 1903, the appellee, John Wray, while in the employ of appellant in the capacity of a switch engineer at Spring, Texas, and in the discharge of the duties of his employment, was ordered by his foreman to run his engine from the roundhouse onto the main line of defendant's railroad, at a time when the foreman, by the exercise of ordinary care, should have known that a collision between appellee's engine and a passenger train would likely occur if the order was obeyed by appellee. (2) Also, that appellee, in running his engine as directed by his foreman, was subject to the orders and direction of appellant's yard switchman, Rogan, who, by signals

directed appellee to run his engine onto the main track of appellant's road at a time when said switchman by the exercise of ordinary care might have known train No. 7 was about to arrive at Spring and that a collision between said train and appellee's engine would probably occur if appellee, in obedience to his orders and signals, ran his engine on the main line of road. (3) That the employes of appellant operating the engine drawing train No. 7 in entering Spring failed to have said train under control, as required by the rules of appellant, and failed to keep a watchout for the purpose of preventing a collision with appellee's engine. (4) That the orders, signals and omissions of appellant's servants stated in the foregoing findings were, in every of such findings, acts of negligence chargeable to appellant. (5) That such acts of negligence, operating singly or concurring, were, without any contributory negligence on the part of appellee, the direct cause of a collision between train No. 7 and appellee's engine, by reason of which appellee sustained serious and permanent physical injuries to his damage in the amount found by the jury.

*Conclusions of Law.*—1. Our conclusions of fact dispose of the first assignment of error, which complains of the court's refusal to peremptorily instruct a verdict for appellant, at its request. It is too well settled to require discussion that negligence becomes a question of law, only when the act causing damage to another is in violation of statute, or when the undisputed evidence admits of the inference only, that the commission of the act in question was negligence. (Lee v. International & G. N. Ry., 89 Texas, 583; Bonn v. Galveston, H. & S. A. Ry., 82 S. W. Rep., 808; Virginia Portland Cement Co. v. Luck, 49 S. W. Rep., 582.) The appellant was charged with knowledge of the whereabouts of its trains, for it was its bounden duty to know where they were. The plaintiff was charged with no such knowledge or duty. He had the right to rely and act upon information given him by the defendant through its officers or agents ordering and directing his work. With the knowledge imputed to it by the law, of the whereabouts of train No. 7, the appellant, through its agent, who was appellee's vice principal, ordered appellee to take his engine from the roundhouse and run it onto the main track where a collision between it and train No. 7, would almost inevitably occur. This order was followed by signals from the switchman, which it was appellee's duty to take and obey, given, almost at the point and time of the collision, to appellee to run his engine on the main track. Orders and signals more pregnant with danger, of which appellee was utterly oblivious, can hardly be conceived. And yet, because appellee, who relied upon appellant's discharging its duty not to place him in a position of peril, failed to discover the proximity of train No. 7 to the place on the main track, where the collision occurred, it is seriously contended by appellant that he was guilty of contributory negligence as a matter of law. Where an act is done by one in obedience to an order of his foreman, the law will not declare the act of obedience negligence *per se,* unless the danger of obeying the order was so obvious and glaring from the servant's standpoint at the time he undertook to obey it that no prudent man would have undertaken it, but will leave it to the jury to say whether he ought to have obeyed it or not. (Galveston, H. & S. A.

Ry. v. Puente, 70 S. W. Rep., 362; San Antonio & A. P. Ry. v. Stevens, 83 S. W. Rep., 235; Henrietta Coal Co. v. Campbell, 211 Ill., 216, 71 N. E. Rep., 863; Chicago & E. I. R. Co. v. Heerey, 68 N. E. Rep., 74; Western Stone Co. v. Musical, 196 Ill., 382, 63 N. E. Rep., 664, 89 Am. St. Rep., 325.) As the evidence shows that train No. 7 came up from behind the appellee, and the point of collision was where the main track intersects the track on which his engine was at an acute angle and that he was watching and taking signals from the switchman in front of him, we can not perceive how he can be held guilty of negligence *per se* in not discovering the train in time to prevent the collision. Nor can it be said that his failure to lookout for the train on the main track while he was running his engine over the short intervening space between the roundhouse and coal car standing on a track between the one he was on and the main track was negligence as a matter of law proximately contributing to the collision.

2. The second assignment of error complains of the court's submitting as issues of negligence, on the part of appellant, the order of appellee's foreman and the signals of his switchman directing him to run his engine onto the main track, upon the ground that such acts, even if negligent, were not the proximate cause of the collision, appellee's failure to keep a watchout for trains on the main track being an intervening and the efficient cause. This assignment is simply a rehash, in a different form, of the one just considered. Unless it can be said that the evidence shows that appellee was guilty of negligence as a matter of law in failing to keep a lookout for train No. 7, and that such failure was the proximate cause of the collision, such failure can not be said to be an intervening cause which relegates all others and is of itself the efficient cause of the accident. Therefore, this assignment is disposed of in what we have said in passing upon the other.

3. The third assignment of error is directed against that part of the court's charge which submits to the jury the issues as to whether appellant's servants operating train No. 7 failed to have said train under control, or to keep a lookout, and, in event the jury should find they failed in either, or both, to find whether such failure was negligence, and, if negligence, whether it was the proximate cause of the collision, the contention being that the undisputed evidence shows that such servants were not guilty of either of such alleged acts of negligence. We do not think that no other conclusion than that contended for can be deduced from the evidence. Though the servants operating said train testified that the train was under full control, that is, its speed did not exceed six miles an hour, the jury may have, from the physical facts shown by the collision, disbelieved them. For when the effects of the force of the impact is considered, it may be concluded that such effects could not have been produced by a train running at no greater speed than six miles an hour. Though the servants operating the train testified that they did keep a lookout, this testimony may not have been believed, from the fact that appellee's engine was not seen by any of them until run into by their train. The charge complained of by this assignment is correct as far as it goes, and if appellant thought it was not full enough, or omitted

anything it wished presented in connection with it, a special charge should have been prepared and requested by it correcting such supposed defects.

4. The fourth, fifth and sixth assignments of error, which complain of the court's failure to give certain special charges requested by appellant upon the issue of contributory negligence, are overruled because, upon such issue, the court, in its main charge, fully and correctly instructed the jury as follows: "You are further instructed that if you believe from the evidence, that plaintiff failed to exercise ordinary care to observe the situation about him and discover the approaching train with which his engine collided in time to avoid the collision, and you further believe that by the use of ordinary care he could have observed said train in time to have avoided the collision, and that his failure to do so was negligence which, in any degree, contributed to his injury, then he would be guilty of contributory negligence as a matter of law; and if you so believe, you must return a verdict for defendant; and this is so, although you may believe that any or all the other employes in question were also guilty of negligence concurring with his to produce the injury." Besides, special charges Nos. 5 and 6, involved in these assignments, are too general, in that they make *any act* of negligence on the part of appellee, contributory to his injury, a defense to his action. Whereas appellant only pleaded his failure "to notice what was going on about him, and running his engine right in front of another engine on defendant's road in full view of him in broad daylight." A charge on contributory negligence, like a charge on any other character of negligence, should be confined to the specific acts of negligence pleaded and should never be so general as to include the submission of any other acts of negligence.

5. On the measure of damages, the court instructed the jury as follows: "If under the foregoing instructions you find for plaintiff, then in estimating his damages you may take into consideration his time lost, if any, the impairment of his capacity to labor and earn money in the future, if any, his mental and physical suffering, present and future, if any, and in your dispassionate judgment allow him such a sum as will fairly compensate him insofar as the evidence may have shown you he is entitled to damages in these respects." This is objected to by appellant upon the ground that it allows double damages. We are unable to place such a construction upon it. A fair compensation for injuries sustained is all the damage the charge permits him to recover. In estimating it the jury are allowed to take into consideration certain well-known elements of damages, specified in the charge. No one of these elements includes or runs into any other; the charge does not repeat any one of these elements; nor allow double recovery on a single one of them, nor anything more than just compensation.

6. What we have said in considering previous assignments disposes of all others adversely to appellant.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.