## MISSOURI, K. & T. RY. CO. OF TEXAS v. TURNER.

(Court of Civil Appeals of Texas. Texarkana. June 1, 1911. Rehearing Denied June 29, 1911.)

1. NEGLIGENCE (§ 140*)—NEGLIGENT INJURY —"PROXIMATE CAUSE"—INSTRUCTIONS.

An instruction defining proximate cause as that which in a natural and continuous sequence, unbroken by any new independent cause, produces the event, and without which the event would not have occurred, was not objectionable for failure to require that defendant must have reasonably anticipated injury as the result of the acts for which it was sought to be held liable.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 378–381; Dec. Dig. § 140.*

For other definitions, see Words and Phrases, vol. 6, pp. 5758–5769; vol. 8, p. 7771.]

2. TRIAL (§ 256*)—INSTRUCTIONS — DUTY TO REQUEST.

Where an instruction was correct as far as it went, it was defendant's duty, if it desired a more specific instruction, to request the same.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

3. NEGLIGENCE (§ 65*)—"CONTRIBUTORY NEGLIGENCE"—NATURE AND ELEMENTS.

An instruction that contributory negligence in its legal signification is such an act or omission on plaintiff's part, amounting to want of ordinary care and prudence, as concurring or co-operating with some negligent act of the defendant is a proximate cause or occasion of the injury complained of, was proper.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 83; Dec. Dig. § 65.*

For other definitions, see Words and Phrases, vol. 2, pp. 1540–1547; vol. 8, p. 7617.]

4. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—RAILROADS—DEFECTIVE TRACK.

In an action for injuries to a railroad sectionman by being thrown from a hand car, evidence *held* to justify submission to the jury of the issue of defendant's negligence in permitting the track to be and remain in a defective and dangerous condition as the proximate cause of the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1021; Dec. Dig. § 286.*]

5. COMMERCE (§ 8*)—RAILROADS—INJURIES TO EMPLOYÉS — CONTRIBUTORY NEGLIGENCE — STATUTES.

Act April 13, 1909 (Gen. Laws [1st Ex. Sess.] 1909, c. 10), providing that where a railroad employé is injured by a defect in the railroad company's cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment, contributory negligence shall not be a bar to recovery, but the damages shall be diminished in proportion to the amount of negligence attributable to the employé, was not invalid, even though construed as an attempt to regulate interstate commerce, but would only be in suspension as to such commerce while there was a federal statute in force relating to the same subject, such subject not being one over which the power of Congress is exclusive, in the sense that the states are without power to act with reference thereto while Congress takes no action.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 5; Dec. Dig. § 8.*]

6. MASTER AND SERVANT (§ 228*)—INJURIES TO SERVANT—RAILROADS — CONTRIBUTORY NEGLIGENCE—STATUTES.

Where a railroad sectionman was thrown from a hand car and injured as the car was being propelled at a high speed over the section, because of a low and defective joint in the track, plaintiff not being engaged in any sense in interstate commerce, Act April 13, 1909 (Gen. Laws [1st Ex. Sess.] 1909, c. 10), providing that in case a railroad employé is injured by a defect in the track, among other things, contributory negligence shall not be an absolute defense, was applicable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 670; Dec. Dig. § 228.*]

Appeal from District Court, Hopkins County; R. L. Porter, Judge.

Action by C. B. Turner against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Alex S. Coke, A. H. McKnight, and J. H. Dinsmore, for appellant. C. E. Sheppard and Evans & Carpenter, for appellee.

WILLSON, C. J. The appeal is from a judgment in favor of appellee against appellant for the sum of $6,750 as the damages suffered by him because of personal injuries he claimed he had sustained as the result of negligence on the part of appellant and its employés. Appellee fell from a hand car which he and members of a section crew were operating over appellant's line of railway at a speed of from 10 to 15 miles an hour. The car ran over him, causing the injury he complained of. The court instructed the jury to find in his favor if they believed he was an employé of appellant at the time he was injured, and was caused to fall from the car because another or other of its employés negligently gave the lever of the car an unusual, sudden, and quick jerk, or if they believed he was caused to fall because of the speed of the car and a low joint or joints in the track at the point thereon where the accident occurred, and further believed that it was negligence to operate the car at such a speed over such a

track. The testimony was conflicting, but sufficient, we think, to support the finding in appellee's favor.

We do not think the instructions authorized the jury to find for appellee (1) notwithstanding they believed appellant had not been and he alone had been guilty of negligence; (2) notwithstanding they did not believe he was an employé of appellant at the time he was injured, and did believe he had been guilty of contributory negligence; (3) if they believed the hand car at the time of the accident was being operated at an unusual rate of speed, yet did not believe the track was in a bad condition, nor that other persons on the car negligently jerked the lever. Moreover, we do not think the instructions were either conflicting or on the weight of the evidence in the various particulars specified in propositions under assignments. In overruling the contentions made with reference to those matters, we dispose of most of the objections urged in the brief to the validity of the judgment. Other objections will now be referred to and briefly discussed.

[1-3] The court instructed the jury that "the proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new independent cause, produces that event, and without which said event would not have occurred." Appellant's objection to the instruction is that "it does not give a correct legal definition of proximate cause," because it did not "require that the defendant should have reasonably anticipated injury to any one as the result of the acts for which it was sought to be held responsible." We do not think the definition is an illuminating one, but is not incorrect. Ry. Co. v. Byrd, 40 Tex. Civ. App. 315, 89 S. W. 991; Ry. Co. v. Stevens, 37 Tex. Civ. App. 80, 83 S. W. 236; Wehner v. Lagerfelt, 27 Tex. Civ. App. 520, 66 S. W. 221; 6 Words and Phrases, 5760. If appellant thought the term should be further defined, it should have notified the court of the fact by a request for a further definition thereof. Ry. Co. v. Paschall, 41 Tex. Civ. App. 357, 92 S. W. 449; Ry. Co. v. Long, 19 Tex. Civ. App. 649, 48 S. W. 599. What has been said with reference to the objection made to the instruction set out above, applies as well to the objection made to the instruction defining contributory negligence as follows: "Contributory negligence in its legal signification is such an act or omission on the part of plaintiff, amounting to a want of ordinary care and prudence, as concurring or co-operating with some negligent act of the defendant is a proximate cause or occasion of the injury complained of." Martin v. Ry. Co., 87 Tex. 121, 26 S. W. 1054; Ry. Co. v. Anchonda, 33 Tex. Civ. App. 24, 75 S. W. 559.

[4] It is insisted that there was "no evidence of negligence on the part of defendant with respect to the condition of the track,

or that the condition of the track caused the injury, and it was therefore error to submit that issue to the jury." The witness Alford, foreman of the section gang, testifying for appellant, said that on the morning of the day the accident occurred, because of the condition of the track, it was necessary for him to engage in "slowing trains" on the east end of the section while one of his men performed a like service on the west end thereof. The witness Clifton Gillespie testified: "I was familiar with the condition of the track at the point where the injury occurred. There were low joints in the track at the point where the injury occurred." The testimony referred to was amply sufficient to support a finding that the track was in a bad condition. If the jury found it was in a bad condition, we think they were warranted in further finding that it was negligence on the part of appellant to permit it to be in that condition; and, further, that its condition was a cause of the accident. It follows that we do not think the court erred in submitting the issue to the jury.

[5, 6] The court instructed the jury, if they believed appellee was guilty of contributory negligence in particulars specified, that such contributory negligence would not defeat his right to recover, but that the damages which he might be entitled to recover should "be diminished by the jury in proportion to the amount of negligence attributable" to him. This instruction was in accordance with the act of April 13, 1909 (General Laws [1st Ex. Sess.] p. 279), which declares that "every corporation, receiver or other person operating any railroad in this state shall be liable in damages to any person suffering injury while he is employed by such carrier operating such railroad; or in case of the death of such employé, to his or her personal representative for the benefit of the surviving widow and children, or husband and children, and mother and father of the deceased, and, if none, then of the next of kin dependent upon such employé, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents or employés of such carrier; or by reason of any defect or insufficiency due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment;" and further declaring that "in all actions hereafter brought against any such common carrier by (or) railroad under or by virtue of any of the provisions of this act to recover damages for personal injuries to an employé, or where such injuries have resulted in his death, the fact that the employé may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employé." It is insisted that the act is void because in conflict with the clause in the federal Constitution which confers

upon Congress power to regulate commerce among the several states; and therefore that the trial court erred in authorizing the jury to find in appellee's favor notwithstanding they might believe he had himself been guilty of negligence which contributed proximately to cause the accident. It is not pretended that the operation of the hand car was in furtherance of or had anything whatever to do with interstate commerce. On the contrary, appellant concedes that there is "nothing in the pleadings or evidence to show that interstate commerce is in any wise involved," and, further, that the act of Congress "relating to the liability of common carriers by railroads to their employés in certain cases" (Act April 22, 1908, 35 U. S. Stat. at Large, p. 65 [U. S. Comp. St. Supp. 1909, p. 1171]) has no application to the case made by the testimony. Assuming that the subject-matter of the federal statute is the regulation of commerce among the states, and that its enactment, therefore, was within the power of Congress, the argument is that the state statute is invalid because it also attempts such a regulation as to the same subject-matter. If the federal statute should be held to be invalid it would follow, of course, that the state statute could not be held to be invalid on the ground urged to it. But as we are satisfied that the contention made should be overruled even if the federal statute is a valid one, we have not found it necessary to inquire whether it is valid or not. That it is valid has been assumed, but not directly decided, by one federal court. Dewberry v. Railway Co. (C. C.) 175 Fed. 307; Taylor v. Railway Co. (C. C.) 178 Fed. 380. That it is invalid, because unconstitutional has been directly determined by the Supreme Court of Errors of Connecticut. Hoxie v. Ry. Co., 82 Conn. 352, 73 Atl. 754. If it should be conceded that the state statute should be construed as an attempt to regulate interstate commerce, we do not think it should for that reason be held to be invalid, but think it should be held to be merely inoperative—in so far as it affects interstate commerce—while the federal statute remains in force. In the absence of a federal statute covering the subject, the state clearly would have power to cover it by enactments of its own. For the subject is not one over which it can be said the power of Congress is exclusive, in the sense that the states are without power to act with reference to it, notwithstanding inaction with reference thereto on the part of Congress. Covington v. Kentucky, 154 U. S. 209, 14 Sup. Ct. 1087, 38 L. Ed. 962; 7 Cyc. 422. If the federal statute should be repealed and the state statute should not be, clearly on the repeal of the former the latter would become operative. Henderson v. Spofford, 59 N. Y. 131; 7 Cyc. 421; 17 A. & E. Enc. Law (2d Ed.) 55, 57,

59. That such a result would follow under the circumstances stated proves that the state is not without power to enact, though for the time being it is without power to enforce, such a statute.

The complaint based on the refusal of the court to give to the jury appellant's special charge No. 13 to the effect that if appellee was not an employé it owed him no duty except the duty to not willfully or wantonly injure him is overruled. In his main charge the court specifically instructed the jury to find for appellant if they believed appellee was not an employé of appellant at the time he was injured.

It is insisted that the verdict is against the great weight of the evidence in so far as it is based on findings (1) that the track was defective; (2) that the speed of the hand car was negligence, and, if so, a proximate cause of the accident; (3) that there was a sudden and unusual jerk of the handle of the car by any other person thereon than appellee himself; (4) that appellee was not a mere trespasser on appellant's property; and (5) that appellee was not guilty of contributory negligence. As already stated, we think the testimony was sufficient to make an issue as to whether the track was defective or not. The jury were not authorized by the charge to find in appellee's favor if they believed appellant was negligent only with respect to the speed of the car. Therefore the verdict could not have been based on such a finding alone as to negligence. The testimony was amply sufficient to support, if it did not demand, a finding that appellee at the time of the accident was an employé of appellant. If he was such an employé and was injured because of negligence on the part of appellant or other of its employés, the finding in appellee's favor was authorized, notwithstanding he was guilty of contributory negligence. That the testimony may have shown that he was guilty of such negligence therefore is no reason for reversing the judgment. The insistence as to the third of the contentions mentioned is that the testimony on the part of appellee, to show that he did not and that other persons on the car did give the handle thereof a sudden and unusual jerk, was not true. Whether it was or not was for the jury to say. The law makes them the judges of the credibility of the witnesses.

The judgment is affirmed.