## HOUSTON, E. & W. T. RY. CO. v. SAMFORD. (No. 1541.)*

(Court of Civil Appeals of Texas. Texarkana. Dec. 9, 1915.)

1. MASTER AND SERVANT ☞276—INJURY TO SERVANT — PROXIMATE CAUSE — HAND CAR FOLLOWING TRAIN.

Evidence, in an action for injury to a member of a section crew in a collision of the hand car, on which he was riding, with a train, which the car was closely following, as it suddenly stopped, while pulling out of a town, to avoid collision, at a street crossing, with a pedestrian, *held* to authorize a finding that the proximate cause of the injury was the negligent manner of operating the hand car.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 950–952, 954, 959, 970, 976; Dec. Dig. ☞276.]

2. MASTER AND SERVANT ☞180—INJURY—LIABILITY OF MASTER—NEGLIGENCE OF FELLOW SERVANTS—RAILROADS.

A railroad company would be liable, either under the federal act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, §§ 8657–8665]) or the state law (Vernon's Sayles' Ann. Civ. St. 1914, art. 6640), if injury to a member of a section crew from collision of the hand car, on which he was riding, with the rear of a train, was due to negligence of his co-workers.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 359–361, 363–368; Dec. Dig. ☞180.]

3. APPEAL AND ERROR ☞637 — APPROVAL AND FILING OF BILL OF EXCEPTIONS.

An assignment of error must be overruled; the bill of exceptions not appearing in the record to have been approved by the trial judge or to having been filed in trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2784, 2829; Dec. Dig. ☞637.]

Appeal from District Court, Shelby County; W. C. Buford, Judge.

Action by W. O. Samford against the Houston, East & West Texas Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Appellee, a section hand, was injured while in the performance of his duties on a hand car, by reason of the hand car's colliding with the rear of a passenger train on the main line. He sues for damages, alleging that appellant was negligent: (1) In permitting the brake on the hand car to be out of repair, defective, and inefficient; and (2), through its foreman and other members of the crew, in causing and permitting the hand car to be run at too great speed and dangerously close to the rear of the passenger train, proximately causing the collision. The case was tried before a jury on special issues. The jury made the finding that appellant was not negligent respecting the alleged brake, but made the finding of fact that the foreman, or other members of the crew besides plaintiff, were guilty of negligence, as pleaded, proximately causing the injury, in causing and permitting the hand car to be run at too great speed and in the immediate nearness to the rear of the passenger train. The jury made the finding that the plaintiff was not injured solely by reason of the risks assumed by him, but that he was guilty of contributory negligence. The jury verdict in awarding damages diminished the amount of plaintiff's recoverable damages in proportion to the negligence attributed to him. The evidence fully warrants the findings of the jury, and they are sustained and here adopted as the facts of the case. The plaintiff was, with the other members of the section crew, and under the direction of their foreman, working on the company's track. This crew had in charge a hand car belonging to the company, which they regularly operated in the course of their work. The roadmaster threw from a passing train a note to the foreman of the crew, ordering him to repair a bad place in the track at the first curve east of Timpson, about a half mile from the town. Soon afterward the foreman went to Timpson on an east-bound freight train, hav-

ing directed that the crew come to Timpson, on the hand car, behind the east-bound passenger train, which was then nearly due, and the crew did so. When the crew reached the station at Timpson this passenger train was standing there, and the said freight train was occupying a siding east of the station. As the passenger train started eastward, the foreman got on the hand car with the crew and ordered them to keep up with or follow close behind the passenger train, so that their passage to the bad place in the track would not be blocked by the freight train pulling on to the main line ahead of the hand car; and, in obedience to this order, the crew started the hand car eastward about 30 feet behind the train. When the train and the hand car had gone about 200 yards from the station the train, because an old woman appeared on the track in front of it, as defendant pleaded, was suddenly slowed down or stopped, and the hand car, going at a speed of 10 or 12 miles an hour, collided violently against the rear of the train. The foreman testified:

"We were so close to the passenger train that when the train stopped or checked its speed there was nothing that could have been done to prevent a collision."

The foreman and all of the crew except plaintiff, having their faces toward the train, observed that it was being stopped, and then at once leaped from the car. The plaintiff, riding backward, did not know how close to the train the car was running, nor that the train was being stopped, until, when the others jumped from the car, he turned and looked forward to see the cause of their doing so; the car was then 6 or 8 feet from the rear of the train, and going toward it at about the speed stated. Samford could not then leap to the ground so as to avoid injury, and, just before the collision, he leaped to and caught the rear of the train, and as he did so the handle bar of the hand car struck his thigh and broke the femur. The petition alleged, and the answer admitted, that the appellant was a common carrier engaged in interstate commerce, and that the track over which trains were run was used for the purpose of transporting interstate commerce, and that at the time of the injury plaintiff was going on a hand car to a place in the track for the purpose of repairing it. It was proven that the appellant is a Texas corporation, and that its tracks run from Houston to the state line and there connect with and meet end to end with the Shreveport & Houston Railway Company, a Louisiana corporation.

John T. Garrison, of Houston, Carter & Walker, of Center, and Baker, Botts, Parker & Garwood, of Houston, for appellant. J. M. Edwards, of Tyler, and J. M. Sanders, of Center, for appellee.

LEVY, J. (after stating the facts as above). The following were questions as submitted to and answered by the jury:

"Question 1. Was the foreman of the crew in question, or the members thereof, besides the plaintiff, guilty of negligence in causing or permitting the hand car to run in such proximity as it did to the passenger train as the same proceeded eastward from the station at Timpson?" Answer of the jury: "Yes."

"Question 2. In the event you should answer the first question in the affirmative, then was such negligence, if any, a proximate cause of plaintiff's injury?" Answer of the jury: "Yes."

[1] Appellant by its first assignment of error assails the finding of the jury respecting the proximate cause of the injury, contending that according to the evidence the efficient cause of the injury was the stopping of the passenger train. It is believed that it may properly be said that the finding of the jury respecting the proximate cause of the injury was not, as a matter of law, erroneous. It appears from the evidence that the regular passenger train started from the station of Timpson, going eastward on the main line. The foreman with the section crew then got on the hand car and followed in the rear of the passenger train on the main line. According to the foreman:

"As the passenger train pulled out from the station, we pulled out about 30 feet behind it; we were just following the train on to our work."

The foreman, who, according to the evidence, was a vice principal and had sole control and direction of the men, stood upright upon the hand car, facing towards the passenger train, and the six members of his crew, including the plaintiff, propelled the car. The main line track extending eastward from the station was straight and down grade. The foreman ordered the crew pulling the hand car "to follow the passenger train, so that No. 24 would not block us off from our work." When the passenger train had gone about 200 yards from the station, it suddenly slowed down or stopped. As pleaded by defendant and admitted to be true in fact by the plaintiff, the passenger train stopped as it did "in order to protect the lives of other parties, especially an old lady who ran in front of the train." When the passenger train stopped, the hand car was running down the grade under its momentum at the speed, according to the section foreman, of 8 or 10 miles per hour, and according to some of the crew, at the speed of 15 or 16 miles per hour. There is evidence going to show that the hand car was running about 60 yards behind the passenger train when it stopped, and there is evidence, by one of the crew, that "We were closer to it than 90 feet when it began to stop." The foreman testified:

"We were so close to the passenger train that when the train stopped or checked its speed there was nothing that could have been done to prevent a collision."

It was proven that east of the station there were four or five public streets of the town of Timpson, which the passenger train had to cross. The approaches to the tracks on some of the streets were hidden to the view

of the engineer of the passenger train by a freight train standing on the siding, of which fact the foreman and the section crew knew. The foreman testified:

"I am familiar with the town, the streets and the public places in the town. When our hand car started out after that passenger train, and while it was following the passenger train, I knew that some woman driving a buggy, or some woman walking, or a child driving a buggy or walking, or a man walking or riding, was liable at any minute to cross or try to cross the railroad track· at either one of those four or five streets that the passenger train had to cross after it left the station and before it got out of town. * * * I did not know that the engineer operating the train, should he see a woman or child or man about to go on to the track ahead of the train at any one of those four or five streets, would stop that train as quick as he could. * * * I will not say that the engineer would not stop; I don't know whether he would or not. I know that I would have stopped."

Thus, plainly enough, the section foreman, charged with the duty towards plaintiff of directing the prudent operation of the hand car, could reasonably have anticipated the very occurrence of the stopping of the passenger train at or near some of the crossings in the town limits. It is quite immaterial that the section foreman did not know that this particular woman would try to cross the track. He had every right to anticipate that some person was, as he said, "liable at any minute to cross, or try to cross, the railroad track at either one of those four or five streets that the passenger train had to cross." And the inference is clearly admissible that the foreman could fairly have assumed that the engineer of the passenger train would stop the train rather than continue and run over the person suddenly on the track, for he admits the fact that under such circumstances "I know I would have stopped." Showing, as the evidence does, that the section foreman had reasonable grounds to anticipate the fact of the probable stopping of the passenger train at or near a street crossing in the town limits, and that he, in directing the operation of the hand car, might have avoided the collision or lessened its effect through a lower rate of speed and by keeping at a greater distance to the rear of the passenger train, a clear legal reason exists for sustaining the finding of the jury that the real producing cause of the injury which followed the colliding of the hand car with the passenger train was the negligent manner of operating the hand car. Railway Co. v. Stevens, 37 Tex. Civ. App. ·80, 83 S. W. 235.

[2] The second assignment of error is to the point that the appellant would not be liable without negligence shown upon the part of the section foreman in charge of the crew. In the light of the evidence it is thought the verdict of the jury may fairly be interpreted as a finding that the section foreman was negligent in respect to causing and permitting the hand car to follow the passenger train too fast and in immediate nearness thereto, and therefore the assignment of error should be overruled.. And, assuming for the moment that the verdict should be interpreted as finding only the plaintiff's co-workers negligent in operating the hand car in respect mentioned, nevertheless the appellant would be liable to plaintiff for their negligence, even under the federal act or the state law. Pedersen v. Railway Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153; article 6640, Vernon's Sayles' Stat.; Freeman v. Shaw, 126 S. W. 53.

[3] The third and fourth assignments of error must be overruled, for the purported bill of exception does not appear in the record to have been approved by the trial judge, and does not appear to have been filed in the court below.

The judgment is affirmed.